UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    555 Fourth St., N.W.<br>    Washington, D.C.  20530<br><br>              Plaintiff,<br>        v.<br><br>SEVENTY-NINE THOUSAND THREE<br>HUNDRED TWENTY-ONE DOLLARS<br>($79,321.00) IN UNITED STATES<br>CURRENCY,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

**BACKGROUND**

1. This is a civil forfeiture action, *in rem*, brought to enforce 31 U.S.C. §§ 5317(c)(2) and 5324(c), which provides for the forfeiture of currency whenever a report is filed under the provisions of 31 U.S.C. § 5316, regarding the movement, or attempted movement, of that currency into or out of the United States, which contains a material omission or misstatement of fact.  This action is also brought to enforce 31 U.S.C. §§ 5332(a), (c), which provides for the forfeiture of currency that is in an amount greater than ten thousand ($10,000.00) dollars and which has been transported (or an attempt made to transport) from a place inside of the United States to a place outside of the United States with the intent to evade the currency transporting requirements of 31 U.S.C. § 5316.

2. This Court has jurisdiction over this matter by virtue of  28 U.S.C. §§ 1345

and 1355(a). Venue is established by virtue of 28 U.S.C. §§ 1355(b) and1395(c).

3. The defendant property is more fully described as:

> seventy-nine thousand three hundred twenty-one dollars ($79,321.00) in United States currency seized from Santos Efrain Flores on March 21, 2005, at the Hartsfield International Airport in Atlanta, Georgia, while he was en route from Washington, D.C. to San Salvador, El Salvador.

4. The defendant funds are being held in a Government financial account as maintained by the United States Department of Homeland Security within the geographic and federal judicial boundaries of the District of Columbia.

## BASES FOR FORFEITURE

5. On March 21, 2005, Immigration and Customs Enforcement (hereinafter, "ICE") agents located at the Hartsfield International Airport in Atlanta, Georgia, were conducting a routine screening of airline passengers who had embarked from domestic locations and were traveling, through Atlanta, to foreign destinations.

6. Based upon that screening, the agents identified Santos Efrain Flores (hereinafter, "Flores") as a person whose patterns of travel were suspicious, in that the timing and frequency of his previous international movements were consistent with that of a courier.

7. On March 21, 2005, Flores was traveling from Washington, D.C., to San Salvador, El Salvador via Atlanta, Georgia.

8. When the airplane that Flores was traveling on from Washington, D.C. reached Atlanta, Georgia, ICE agents interviewed him. During the course of that interview, the ICE agents specifically told Flores that he was required to declare any currency that he was taking out of the United States that exceeded ten thousand ($10,000.00) dollars in value.

9. The agents asked Flores how much currency, if any, he was carrying out of the United States. Flores responded that he had twenty-one thousand nine hundred and ten ($21,910.00) dollars; and he further stated and confirmed that he had prepared and submitted a Report of International Transportation of Currency or Monetary Instruments (hereinafter, "CMIR") for that amount only.

10. During the course of that interview, Flores agreed to be searched. As a result of that search, the agents found an additional seventy-nine thousand three hundred twenty-one ($79,321.00) dollars in United States currency located in Flores' two carry-on bags. The money was comprised of various denominations, with twenty-dollar denominations comprising the largest number of bills. Neither Flores, nor any other person, had submitted a CMIR for those additional funds.

11. During the course of that interview, Flores told investigators that he routinely transported money from Hernandez Express, a business located in Washington, D.C. to El Salvador.

12. Flores offered conflicting statements regarding the currency in his possession in that he initially and repeatedly stated that he was only transporting twenty-one thousand nine hundred and ten ($21,910.00) dollars in currency out of the United States. After the ICE agents found the additional seventy-nine thousand three hundred and twenty-one ($79,321.00) dollars in Flores' bags, he admitted that he had been given that latter sum of money by a confederate who was also traveling on the same itinerary from Washington, D.C. to El Salvador.

## COUNT I

13. The allegations contained in paragraph numbers 1 through 12 are realleged and

incorporated, herein, by reference.

14. In light of the above-described events, there is reason to believe that the defendant, seized currency was the subject of a CMIR that contained a material omission or misstatement of fact in violation 31 U.S.C. § 5324(c)(2); and is, therefore, subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

## COUNT II

15. The allegations contained in paragraph numbers 1 through 12 are realleged and incorporated, herein, by reference.

16. In light of the above-described events, there is reason to believe that the defendant, seized currency is greater than $10,000.00 in value and was concealed in such a fashion as to evade detection while in transit from a place within the United States to a place outside of the United States, all to evade the currency reporting requirements embodied in 31 U.S.C. § 5332(a)(1) and is, therefore, subject to forfeiture pursuant to 31 U.S.C. § 5332(c).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture of such property should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of

this action.

                                                        Respectfully submitted,

\_\_\_\_\_/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

\_\_\_\_\_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

\_\_\_\_\_/s/_____
  MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar No. 383353
555 4th St., N.W.
Washington, D.C.   20530
(202) 514-7065

## VERIFICATION

I, John Doyle, Special Agent Officer with the Department of Homeland Security (Immigration and Customs Enforcement), declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture, *in rem,* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this 8th day of July 2005.

                /s/
John Doyle
Special Agent
Department of Homeland Security