UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Civil Action No. 05-01364 (RBW) |
| | : |
| SEVENTY-NINE THOUSAND THREE HUNDRED TWENTY-ONE DOLLARS ($79,321.00) IN UNITED STATES CURRENCY, | : |
| | : |
| Defendant. | : |

**DECREE OF FORFEITURE**

On July 8, 2005, a Verified Complaint for Forfeiture *In Rem* against the defendant $79,321.00 in United States currency (hereinafter: "defendant currency") was filed by the plaintiff, United States of America. The Complaint alleges that the defendant seized currency was the subject of a CMIR that contained a material omission or misstatement of fact in violation of 31 U.S.C. § 5324(c)(2), and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and, that the defendant seized currency is greater than $10,000.00 in value and was concealed in such a fashion as to evade detection while in transit from a place within the United States to a place outside of the United States in violation of 31 U.S.C. § 5332(a)(1), and is subject to forfeiture pursuant to 31 U.S.C. § 5332(c).

The government now seeks default judgment and a Decree of Forfeiture against the *in rem* defendant currency. It appearing:

That process was fully issued in this action with respect to the defendant and returned according to law;

That pursuant to a Warrant of Arrest *In Rem* issued by this Court, law enforcement agents of the Department of the Treasury served said defendant on July 25, 2005;

That copies of the Complaint and Warrant of Arrest *In Rem* were served upon all interested parties on August 6, 11, 17, and 18, 2005;

That notice of seizure was published in THE ATLANTA Journal-Constitution, on August 18, 25, and September 1, 2005; in The DAILY WASHINGTON LAW REPORTER on September 26, 2005; and, in THE WASHINGTON TIMES on September 26, October 3, and 10, 2005;

That on November 22, 2005, the Clerk of this Court entered a Default for failure to file a claim with respect to said defendant currency within the time permitted by 18 U.S.C. § 983(a)(4)(A) and (B); and

That no defense to the forfeiture of the defendant currency remains interposed;

Now, therefore, on motion of plaintiff, the United States of America, for default judgment and Decree of Forfeiture, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the default of all persons interested in the defendant identified as:

> Seventy-nine thousand three hundred twenty-one dollars ($79,321.00) in United States currency seized from Santos Efrain Flores on March 21, 2005, at the Hartsfield International Airport in Atlanta, Georgia, while he was en route from Washington, D.C., to San Salvador, El Salvador

be entered and that no right, title or interest in the defendant shall exist in any other party, and that said *in rem* defendant currency be, and hereby is, forfeited to the United States of America to be disposed of in accordance with law.

The Clerk is hereby directed to send a true copy of this Decree of Forfeiture to all parties.

Dated this _____ day of _____, 2005.

_____
REGGIE B. WALTON
United States District Judge

copies to:

Michael A. Humphreys
Assistant United States Attorney
U.S. Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4822
Washington, D.C. 20530

Santos Efrain Flores
1476 Newton NW, Apt. 2
Washington, D.C. 20010

Felix Nelson Ayala
AYALA AND ASSOCIATES
2118 14th Street, NW
Washington, D.C. 20009

Mario Umana
3437 14th Street, NW
Washington, D.C. 20010

Alberto E. Montoya
944 S Wakefield Street, #101
Arlington, VA 22204