**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|    ) | |
|       Plaintiff,    ) | |
|    ) | |
|       v.    ) | Civil Action No.  05-01364 (RBW) |
|    ) | |
| SEVENTY-NINE THOUSAND THREE    ) | |
| HUNDRED TWENTY-ONE DOLLARS    ) | |
| ($79,321.00) IN UNITED STATES    ) | |
| CURRENCY,    ) | |
|    ) | |
|       Defendant.    ) | |

**OPPOSITION TO MOTION TO VACATE JUDGMENT BY DEFAULT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to the Motion to Vacate Judgment By Default filed by Alberto Montoya[1] (hereafter "Mr. Montoya").  For the reasons discussed below, the United States requests that Mr. Montoya's motion be denied.

**I.      Mr. Montoya's Neglect Is Not Excusable**

Mr. Montoya has filed a motion pursuant to Fed. R. Civ. P. 60(b) to vacate the default judgment entered by this Court on December 20, 2005.  However, as provided in Fed. R. Civ. P. 60(b), the court may only relieve "a party or a party's legal representative from a final judgment."

Despite proper notice, Mr. Montoya never properly intervened in the civil forfeiture action.[2]  Thus, he never was a party to this action, and he cannot now avail himself of Fed. R.

---

[1] In his motion, Mr. Montoya has adopted for himself the description of "Defendant." However, this is a civil forfeiture action, *in rem*, and the defendant in this action is the $79,321.00 in United States Currency.

[2] In particular, as Plaintiff explains in its Motion for Default, Plaintiff sent copies of the Complaint and Warrant of Arrest to Mr. Montoya at his business address.  As Mr. Montoya explained in his recent Rule 60(b) motion, he received the papers that Plaintiff sent.  Mr.

Civ. P. 60.  In addition, Mr. Montoya's neglect in following applicable rules is not excusable.

*See, In re Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 392

(1993) (ignorance of the rules or mistakes construing the rules is not excusable neglect); *Cash v.*

*Illinois Div. of Mental Health*, 209 F.3d 695, 697-98 (7th Cir. 2000) (mere legal blunders are not

excusable).

**II.      Mr. Montoya Does Have Statutory or Article III Standing**

Even if Mr. Montoya had taken the appropriate steps to intervene in this action, his claim

to challenge part of the monies forfeited would have failed because he lacked both statutory and

Article III standing.  *See*, *United States v. $8,221,877 in U.S. Currency*, 330 F.3d 141 (3d Cir.

2003) (explaining the difference between statutory and Article III standing).

In order to have statutory standing in this forfeiture action, Mr. Montoya was required to

have filed a claim under oath, asserting his interest in the property, not later than 30 days after the

date of service of the verified complaint.  He was also required to file an answer to the complaint

no later than 20 days after the date of the filing of his claim.  *See*, 18 U.S.C. § 983(a)(4)(A) and

Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims.

On July 8, 2005, the United States filed its Verified Complaint for Forfeiture, *In Rem*.  On

August 11, 2005, Mr. Montoya was served with a copy of the Verified Complaint and Warrant of

Arrest *In Rem*.[3]   *See*, Plaintiff's Motion for Default Judgment, Exhibit II-c; Mr. Montoya's

---

Montoya has not explained why he should get four months, or now more, to file the verified
claim that was due 30 days after he was served.  *See* 18 U.S.C. § 983(a)(4)(A).

[3]As shown by his own exhibit (Mr. Montoya's Exhibit C), Mr. Montoya was also advised
in a letter dated October 27, 2005, that a complaint for forfeiture had been filed in the U.S.
District Court for the District of Columbia.  Despite this evidence to the contrary, it is unclear
why Mr. Montoya asserts that this was "a civil forfeiture proceeding that occurred unbeknownst

2

Exhibit A.  Yet, Mr. Montoya failed to meet either of the statutory requirements by filing a verified claim or an answer.

Additionally, Mr. Montoya has stated that he "is seeking the return of $34,600 of totally untainted monies."  *See*, Mr. Montoya's Motion to Vacate Judgment By Default.  However, Mr. Montoya cannot contest the forfeitability of the monies that were seized from someone else, because he cannot prove that he has a colorable legitimate interest in these monies.

As recited in the Verified Complaint herein, the United States brought this civil forfeiture action to recover $79,321.00 that a courier, Santos Efrain Flores (hereafter "Mr. Flores") had attempted to take out of the United States without properly declaring the monies in violation of 31 U.S.C. § 5324.[4]  Mr. Flores admitted that he had failed to declare these monies. The monies were, therefore, subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).  The United States met its burden of establishing the forfeitability of the property by a preponderance of the evidence, and Mr. Montoya does not contest this finding.

The only defense that Mr. Montoya would have been able to assert had he properly intervened in this action, would be the affirmative defense of being an "innocent owner." But, by his own evidence, Mr. Montoya admits that he is not an owner at all.  *See*, Mr. Montoya's Exhibit A.  Thus, he could not have met the burden of proving this as a viable defense.

Mr. Montoya has admitted that he is not the owner of these monies, and he cannot meet the definition of "owner" contained in 18 U.S.C. § 983(d)(6).  Other than his own

---

to him." (Mr. Montoya's Memorandum of Points and Authorities, p. 5.)

[4] This incident occurred on March 21, 2005, while Mr. Flores was traveling from Washington, D.C., to San Salvador, El Salvador.

unsubstantiated assertions, Mr. Montoya has offered nothing to show that he has any legal claim to the monies that were seized from Mr. Flores.[5]  In addition, Mr. Flores made several statements to investigators concerning the seized monies, none of which included any reference to Mr. Montoya or Concord Express.

Finally, Mr. Montoya has suggested to the Court that the government will not be harmed by the vacating of the default judgment in this case.  However, this ignores the fact that the resources of the United States and this Court would be used to litigate a case that the evidence suggests would have no different outcome.

### Conclusion

Therefore, it is respectfully requested that this Court deny Mr. Montoya's Motion to Vacate Judgment By Default.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_/s/_____
 JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W. ROOM 4818
Washington, D.C.   20530
(202) 514-7250

---

[5] Evidence that individuals may have given Mr. Montoya monies in no way proves that any of the monies seized belong to Mr. Montoya.

## <u>CERTIFICATE OF SERVICE</u>

I, hereby, certify that copies of the foregoing Opposition to Motion to Vacate Default Judgment were served by mail upon Martin F. McMahon, Esq. and Lisa D. Angelo, Esq., Martin McMahon & Associates, as counsel for Mr. Alberto Montoya, 1150 Connecticut Avenue, N.W. Washington, D.C.  20036, on this 23rd day of January, 2006.

_____
JUDITH A. KIDWELL
Assistant United States Attorney