## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>555 Fourth St., N.W.<br>Washington, D.C. 20530<br><br>        Plaintiff(s),<br><br>    v.<br><br>SEVENTY-NINE THOUSAND THREE<br>HUNDRED TWENTY-ONE DOLLARS<br>($79,321.00) IN UNITED STATES<br>CURRENCY ),<br><br>        Defendant(s) | Case No:    1:05-cv-01364<br>Judge:       Reggie B. Walton<br>Date Filed:  July 8, 2005 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MONTOYA'S MOTION TO VACATE DEFAULT JUDGMENT ENTERED BY THIS COURT ON OR ABOUT DECEMBER 20, 2005.**

**I.    INTRODUCTION.**

Rule 60(b) permits a court to relieve a party of a final judgment, order, or proceeding, for any of the grounds listed in the rule, "on motion and upon such terms as are just." Fed. R. Civ. P. 60(b).

Defendant Alberto Montoya (hereinafter "Mr. Montoya") is a citizen of both the United States and El Salvador. For the past ten (10) years, Mr. Montoya has owned and operated a successful courier business and partnership with his wife and together they have filed joint tax returns on his business for the past ten (10) years. Mr. Montoya is a resident of the State of Virginia with his permanent address at 930 So. Wakefield St., Arlington, VA. 22204. His courier business is also located in Virginia at 944 S. Wakefield St., Suite 101, Arlington, VA.

22204.  Mr. Montoya also owns a home in El Salvador.  Given the nature of his business, Mr. Montoya frequently travels to and from the United States and El Salvador carrying numerous packages including but not limited to monies, clothes, and electric items in the form of "packages" as instructed by his international and domestic customers.[1]

In or about March 2005, Mr. Montoya grew ill and based upon this medical condition was forced to recuperate in El Salvador.  As such, he was forced to secure the temporary assistance of a courier named Efrain Santos to carry the packages Mr. Montoya would have otherwise carried back and forth from the U.S. and El Salvador on behalf of his customers.  On or about March 21, 2005 Mr. Santos was detained and the package he was carrying (which included a money package in the amount of $34,600 for Mr. Montoya) was confiscated at the Atlanta International Airport.  The reason for Mr. Santos's detention and confiscation of the packages he was carrying was that Mr. Santos failed to claim the proper amount of money he was taking from the U.S. to El Salvador.[2]

The package of monies confiscated on or about March 20, 2005 by the U.S. Government should be returned to Mr. Montoya as his personal property since he has complied with the requirements set forth by the Fines, Penalties, and Forfeiture office in Atlanta, Georgia (hereinafter "Forfeiture Office").  Moreover, as detailed in the annexed affidavits (Exhibits A and B), Mr. Montoya was essentially misled by the Government into thinking that he had satisfied any and all requirements as to proving the legitimacy of origin of the funds which had been seized on or about May 20, 2005.  See attached government letter Exhibit C (the Forfeiture Office letter dated October 27, 2005).

---

[1] Evidence of Mr. Montoya's frequent travels can be found through copies of Mr. Montoya's U.S. Passport which can be furnished for review upon request.

[2] It should be noted that Mr. Montoya has never been detained nor had any packages he personally carried confiscated for failure to declare in ten (10) years.

2

When the above-noted facts are coupled with Mr. Montoya's lack of language skills and the frequency of his overseas travel, it is clear that any one of the recognizable grounds for relief from a final judgment by Rule 60(b)(1) apply in this case.

### ARGUMENT

**I. THE DEFAULT JUDGMENT ENTERED ON DECEMBER 20, 2005 IN THE ABOVE-CAPTIONED CASE SHOULD BE VACATED PURSUANT TO FED. R. CIV. P. 60(b).**

Four recognized grounds for relief from a final judgment are afforded under Fed. R. Civ. P. 60(b)(1).[3] Defendant submits that based upon the recitals set forth in the attached affidavits as well as the arguments submitted herein, any of these four grounds for relief should be afforded to Mr. Montoya as he would suffer tremendous financial harm should this Court hold otherwise. (i.e. Mr. Montoya still remains in debt to his customers for the seized $34,600). Specifically, however, and for purposes of this motion, Defendant suggests the "excusable neglect" and/or "mistake" grounds are most applicable to the instant matter.

**A. Relevant Caselaw in Support of Granting Relief under Fed. R. Civ. P. 60(b) in Factually Similar Cases.**

Case law from sister circuits suggest that the "excusable neglect" and/or "mistake" grounds are applicable in the factual setting sub judice in this court. Although not the mirror image of the case at hand, the cases United States v $48,595, 705 F.2d 909, 912-13 (7th Cir. 1983) and Marshall v. Monrow & Sons, Inc., 615 F.2d 1156, 1160-61 (6th Cir. 1980) suggest that when a defendant is misled and/or confused and through no fault of his own fails to act such that a default judgment is entered against him, relief can be afforded under Rule 60(b).[4]

---

[3] Mistake, Inadvertence, Surprise, and Excusable Neglect. See Fed. R. Civ. P. 60(b).
[4] In United States v $48,595, the defendant's default in a civil forfeiture proceeding resulting from an attempt to import undeclared currency was excusable when (1) the seized currency represented the defendant's life savings, so he had no funds with which to hire an attorney; (2) he had been misled into believing that he would receive half the currency anyway (regardless of whether he contested the proceeding), and (3) he had been jailed in

3

Factually analogous to U.S. v. $48, 595, a default judgment was entered against Mr. Montoya due to a civil forfeiture proceeding that occurred unbeknownst to him. In short, Mr. Montoya was misled into believing that he would be receiving his money back as of January 6, 2006 according to an October 27, 2005 letter mailed to him and read to him by his friend and colleague translator Susana Ibarra. See attached Ibarra affidavit Exhibit B. While Mr. Montoya was not jailed in El Salvador as was the case of the defendant in U.S. v. $48,595, Mr. Montoya was recuperating in El Salvador from a sickness that forced him to stop working and precluded him from returning to the U.S. for the relevant period of time.

More applicable is the Marshall case which like the instant matter, provides relief when a defendant acting pro se is misled by confusing language in a legal document. As noted in the attached affidavit from Ms. Ibarra, upon reading the Forfeiture Office letter dated October 27, 2005 and drafted by Ms. Paula L. Primm, Ms. Ibarra states "'it all looked like Chinese and was very confusing.' I told Mr. Montoya that 'I cannot explain these documents because they are confusing'" See attached Ibarra affidavit (Exhibit B).

When the Court takes into consideration: (a) Mr. Montoya's limited understanding of the English language; (b) his ability to furnish business records to the Forfeiture Office demonstrating the origin of the monies; and (c) the confusing and misleading language contained in the Forfeitures Office's October 27, 2005 letter, it is clear that this Court can and should provide relief to Mr. Montoya pursuant to Rule 60(b) as the "excusable neglect" ground is applicable.

---

Germany and was a German citizen without the knowledge or materials to proceed in propria persona. 705 F.2d 909, 912-13 (7th Cir. 1983). Likewise in Marshall v. Monrow & Sons, Inc., a defendant was misled by certain procedural requirements that were drafted in a confusing manner and as such was granted relief under 60(b). 615 F.2d 1156, 1160-61 (6th Cir. 1980).

4

### B. The Pioneer test as applied to the Instant case suggests an equitable determination in favor of Mr. Montoya is warranted.

As used in Rule 60(b)(1) the word "neglect" encompasses negligence and carelessness. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). Whether a particular instance of neglect is "excusable" is an equitable determination and in making the determination a Court must take account of all relevant circumstances including (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the neglect, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. Id.

With respect to the Pioneer factors, Mr. Montoya will suffer great prejudice if the default judgment entered on December 20, 2005 is not vacated. As noted above, the monies seized by on May 21, 2005 were not Mr. Montoya's monies per se. Rather, Mr. Montoya was merely couriering said monies for his customers in their efforts to provide support for their families in El Salvador.[5] Thus, Mr. Montoya has to pay back these monies to their rightful owners. Second, considering Mr. Montoya was acting under the mistaken belief that he was waiting until January 6, 2006 to act upon this matter (pursuant to the Forfeiture Office's letter dated October 27, 2005) any delay by Mr. Montoya caused by his failure to respond to the government's in rem action was unintentional and only caused by the confusing and misleading language of the aforementioned government letter.

Next, "the reason for the neglect" goes directly to the facts that (1) Mr. Montoya has a limited reading comprehension of the English language; (2) the frequency of his overseas travel inhibited him from having knowledge of any duty to act; (3) he was physically incapacitated due to illness; and (4) Mr. Montoya's reasonable yet mistaken understanding of the confusing and

---

[5] Defendant asks this Court to take judicial notice of the fact that 15% of El Salvador's GDP comes from monies couriered from the U.S. to El Salvador each year. See attached statistics (Exhibit D).

5

poorly drafted government letter dated October 27, 2005.  Finally, at all relevant times, Mr. Montoya acted in good faith up to and including his efforts to provide the government with ample evidence of the legitimacy of origin of the seized monies.  As should be obvious to the government, but for Mr. Montoya's illness and prolonged stay in El Salvador, he would have himself carried and declared the seized monies as was his routine custom for the past ten (10) years.

Based upon the foregoing, this Court should vacate the final judgment entered against Mr. Montoya pursuant to Fed. R. Civ. P. 60(b).

## CONCLUSION

WHEREFORE, Defendant moves this honorable Court to vacate the default judgment entered on December 20, 2005.

Dated:  this 12th day of January, 2006,

Respectfully Submitted,

**MARTIN McMAHON & ASSOCIATES**

BY  _____/s/_____
Martin F. McMahon, Esq.
D.C. Bar No.:  #196642
1150 Connecticut Ave. N.W., Suite 900
Washington, DC  20036
(202) 862-4343
*Attorney for Defendant Montoya*

Lisa D. Angelo, Esq.
D.C. Bar No.:  #491206
Of Counsel
1150 Connecticut Ave., N.W. Suite 900
Washington, DC  20036
(202) 862-4356