UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       Plaintiff, <br><br> v. <br><br> SEVENTY-NINE THOUSAND THREE HUNDRED TWENTY-ONE DOLLARS ($79,321.00) IN UNITED STATES CURRENCY, <br><br>      Defendant. | Civil Action No. 05-1364 (RBW) |

## ORDER

On July 8, 2005, plaintiff United States, initiated this action by filing a Verified Complaint for Forfeiture In Rem against defendant $79,321 in United States Currency ("defendant currency"). On December 20, 2005, this Court granted the plaintiff's unopposed motion for default judgment and entered a decree of forfeiture in favor of the United States. On January 12, 2006, Alberto Montoya ("claimant") claimed an interest in $34,600 of the defendant currency and having failed to lodge any claim with this Court previously, moved the Court to vacate the default judgment and the forfeiture decree.[1]

Under Federal Rule of Civil Procedure 60(b), the Court may "relieve a party or a party's legal representative from a final judgement, order, or proceeding for the following reasons . . .

---

[1] The following papers have been submitted in connection with this motion: (1) the claimant's Motion to Vacate Judgment By Default ("Cl.'s Mot."); (2) Memorandum of Points and Authorities in Support of Montoya's Motion to Vacate Default Judgment Entered by This Court on or about December 20, 2005 ("Cl.'s Mem."); (3) the government's Opposition to Motion to Vacate Judgment by Default ("Gov't's Opp'n"); and (4) the claimant's Reply Memorandum in Further Support of Motion to Vacate Judgment by Default ("Cl.'s Reply").

1

mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In reviewing a motion under Rule 60(b), a default can be set aside upon a showing of "good cause." Int'l Painters & Allied Trades Union & Industry Pension Fund. v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003); Fed. R. Civ. P. 55(c). And in determining whether to set aside a default, "[t]he factors that must be balanced are whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice [the] plaintiff." Int'l Painters & Allied Trades Union & Industry Pension Fund., 288 F. Supp. 2d at 26 (citing Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980)).

 Here, although the claimant failed to timely challenge the default judgment, it is clear that throughout he has attempted to pursue his claims, but because he was proceeding pro se, he simply did not understand the process by which to do so. Cl.'s Mem. at 1-2, Cl's Reply at 2-4. Moreover, following the seizure of the defendant currency, it appears that the claimant became ill, further complicating his ability to seek relief. Cl.'s Mem. at 1-3. Because this Court must afford parties proceeding pro se greater consideration, Haines v. Kerner, 404 U.S. 519, 520 (1972), and the claimant's conduct demonstrates his attempts to properly assert his legal claims to the forfeited currency, this "case appears to [this Court] a paradigmatic one for relief under Rule 60(b) for 'mistake' or 'excusable neglect.'" Williams v. Office of Financial Mgmt., 990 F.2d 1378, 1993 WL 87967, at * 2 (D.C. Cir. 1993) (citing Spann v. Comm'r of the District of Columbia, 443 F.2d 715, 716 n.1 (D.C. Cir. 1970)). In addition, the government has not demonstrated that it will be prejudiced if the default is set aside. See FG Hemisphere Ass'n, LLC v. Democratic Republic of Congo, ___ F.3d ___, ___, 2006 WL 1359603, at *4 (D.C. Cir. 2006) (observing that "simple exposure to adjudication" does not qualify as a "form of prejudice

under Rule 60(b)(1)"). Thus, the claimant has satisfied the first two prongs of the test for assessing whether to vacate a default.

However, neither party has provided this Court with a substantive discussion of the final question—whether the claimant has a meritorious defense to the forfeiture action. The claimant summarily asserts for the first time in his reply brief that his defense is meritorious due to the fact that he is seeking the release of the seized funds pursuant to 18 U.S.C. § 983(f)(1)(A) on the grounds that he has a possessory interest in the property. Cl.'s Reply at 6-7. This statutory provision cannot serve as a basis for relief in this case because the statute expressly exempts currency from release due to a claimant's possessory interests. 18 U.S.C. § 983(f)(8)(A). And in a footnote, the defendant opines that he would also prevail as an "innocent owner" under 18 U.S.C. § 983(d). Cl.'s Reply at 6 n. 9. The government contends, however, again in a conclusory fashion, that the claimant is not an innocent owner. Gov't's Opp'n at 3. Neither party has provided this Court with any legal authority in support of their positions, and in fact, each party devotes only a few sentences in their pleadings to this question. Thus, on the record currently before the Court, it is simply unable to determine whether the claimant has a meritorious defense to the forfeiture of any of the defendant currency.[2]

Accordingly, since it is the claimants burden as the moving party to establish that he is

---

[2] The government unconvincingly argues that the claimant's motion should be denied for several reasons. First, the government claims that the claimant failed to properly intervene in the case and therefore now cannot seek to vacate the default. Gov't's Opp'n at 1-2. Moreover, the government claims that the claimant does not have statutory standing in this action because he failed to timely challenge the forfeiture under 18 U.S.C. § 983 (2000). Id. Both arguments ignore the fact that if this Court were to grant the claimant's motion, the statutory provision governing forfeitures gives this Court the authority to extend the time in which a claimant can comply with 18 U.S.C. § 983. And a party satisfying the Rule 60 standard would undoubtedly also be entitled to an extension of time under 18 U.S.C. § 983, which merely requires "good cause." 18 U.S.C. § 983(a)(3)(A).

entitled to relief under Rule 60(b), <u>Pigford v. Veneman</u>, 355 F. Supp. 2d 148, 165 (D.D.C. 2005), his motion must be denied. However, this Court will deny the motion without prejudice. The claimant may therefore file a renewed motion under Rule 60(b) with ten days of this order.

For the foregoing reasons, it is hereby,

**ORDERED** that the claimant's motion is **DENIED WITHOUT PREJUDICE.** It is further

**ORDERED** that the claimant will be granted leave to file a renewed motion pursuant to Rule 60(b) by June 6, 2006. Such motion, however, must specifically address all of the prongs of the applicable legal standard.

**SO ORDERED** this day of 22nd day of May, 2006.

REGGIE B. WALTON
United States District Judge