# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

———————————————————
UNITED STATES OF AMERICA,   )
   )
       Plaintiff,   )
   )
      v.   )     Civil Action No. 05-1364 (RBW)
   )
SEVENTY-NINE THOUSAND THREE   )
HUNDRED TWENTY-ONE DOLLARS   )
($79,321.00) IN UNITED STATES   )
CURRENCY,   )
   )
       Defendant.   )
———————————————————)

## ORDER

Only July 8, 2005, plaintiff United States initiated this action by filing a Verified

Complaint for Forfeiture In Rem against $79,321 in United States currency. On December 21,

2005, this Court granted the plaintiff's unopposed motion for default judgment and entered a

decree of forfeiture in favor of the United States. December 21, 2005 Order. On January 12,

2006, Alberto Montoya ("claimant") asserted an interest in $34,600 of the defendant currency and,

having failed to lodge any claim with this Court previously, petitioned the Court to vacate the

default judgment and the forfeiture decree. On May 22, 2006, this Court denied without prejudice

the claimant's motion. May 22, 2006 Order. Currently before the Court is the claimant's renewed

motion to vacate the December 21, 2005, default judgment. For the reasons set forth below, the

claimant's motion is granted.[1]

---

[1] The following papers have been submitted in connection with this motion: (1) the claimant's Renewed
Rule 60(b) Motion to Vacate Judgment By Default ("Cl.'s Mot."); (2) the claimant's Memorandum of Points and
Authorities in Support of Defendant's Renewed Motion to Vacate Judgment by Default ("Cl.'s Mem."); (3) the
government's Opposition to Renewed Motion to Vacate Judgment by Default ("Gov't's Opp'n"); and (4) the

(continued...)

As this Court recognized in its earlier Order, a default can be set aside upon a showing of "good cause," Fed. R. Civ. P. 55(c), specifically for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). And in determining whether to set aside a default, "[t]he factors that must be balanced are whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice [the] plaintiff." Int'l Painters & Allied Trades Union & Industry Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980)). The Court must be mindful in reviewing such a motion that it is well settled that federal policy favors resolution on the merits over a default judgment. Jackson, 636 F.2d at 835.

This Court concluded in its May 22, 2006 order that the claimant had satisfied the first and third factors of the test for assessing whether to vacate a default. May 22, 2006 Order at 2-3. Specifically, this Court concluded that because the claimant's conduct demonstrated his attempts to properly assert his claims to the forfeited currency, but due to illness and language barriers he failed to follow proper procedures, mistake or excusable neglect had been sufficiently demonstrated. Id. Moreover, this Court found that the government would suffer no prejudice as a result of an order vacating the default. Id. Accordingly, this Court need only address whether the claimant has now also satisfied the second factor of the three-part balancing test—assertion of a meritorious defense.

A meritorious defense is "critical" because without it, the claimant "could not win at trial . . . [and] there would be no point in setting aside the default judgment . . . if [the claimant] could

---

[1](...continued)
claimant's Reply Memorandum of Points and Authorities in Further Support of Claimant's Motion to Vacate Default Judgment Entered by this Court on December 21, 2005 ("Cl.'s Reply").

2

not demonstrate the possibility of his winning." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). However, when moving to set aside a default, the "movant is not required to prove a defense, but only to assert a defense that it may prove at trial." Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995). A movant's defense is "meritorious if [it] contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense," Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980) (citations omitted), but the defense must be "good at law so as to give the factfinder some determination to make," Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks and citation omitted). While this is not a significant burden, "conclusionary language" or "verbatim excerption[s] of the statutory language" is insufficient to satisfy the claimant's burden. $55,518.05 in US Currency, 728 F.2d at 196. In this case, the claimant has satisfied his burden.

Here, the claimant asserts the he is entitled to the return of the confiscated property, and thus has a meritorious defense, because he is an innocent owner under 18 U.S.C. § 983(d) (2000). Cl.'s Mem. at 2-4. The government, however, asserts that the claimant is not an innocent owner, and thus contends that he lacks standing to seek return of the confiscated currency.[2] Gov't's Opp'n at 7-8.

Under the forfeiture statute, "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d). The burden is on the claimant to demonstrate, by a preponderance of the evidence, that he is an innocent owner. Id. The statute

---

[2] The government also contends, in response to a footnote in the claimant's motion, that the forfeiture of the funds was proper. Gov't's Opp'n at 5-7. Whether or not that is true is not before the Court at this time. As indicated, the only question that this Court must resolve at this stage is whether the claimant has a meritorious defense to the forfeiture, i.e., whether he is an innocent owner. Accordingly, this Court need not address the government's legal basis for exercising the forfeiture in resolving the motion now before it.

requires the claimant to establish not only an ownership interest, but also that he was an innocent owner.  As to the ownership requirement, the statue defines an owner as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest."  18 U.S.C. § 983(d)(6)(A).  The forfeiture statue makes clear, however, that an owner does not include:

> (i)   a person with only a general unsecured interest in, or claim against, the property or estate of another;
>
> (ii)  a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or
>
> (iii) a nominee who exercises no dominion or control over the property.

18 U.S.C. § 983(d)(6)(B)(i) - (iii).  If an individual satisfies this ownership requirement, the second question is whether he is an "innocent owner."  To satisfy this requirement of the statute, the claimant must show that he "did not know of the conduct giving rise to the forfeiture" or "upon learning of the conduct giving rise to the forefiture, [he] did all that reasonably could be expected under the circumstances to terminate such use of the property."  18 U.S.C. § 983(d)(2)(A)(i) - (ii).  If a claimant is an innocent owner, he has standing to seek return of the forfeited property.  See United States v. 1998 BMW "I" Convertible Vin No. WBABJ8324WEM 20855, 235 F.3d 397, 399 (8th Cir. 2000) ("To manifest standing in the forfeiture context, a claimant must first show an ownership interest in the property.") (citations omitted).

Examining the facts in this case, it is clear that the claimant has asserted a meritorious innocent owner defense.  Alberto Montoya, the claimant, is the owner of a courier service that conducts business between the United States and El Salvador.  Cl.'s Reply, Ex. A (Montoya Affidavit).  As part of his business, the claimant frequently travels to and from his office in

Arlington, Virginia to El Salvador to deliver money, clothes, and other goods for his customers. Id. In March 2005, due to illness, the claimant obtained the assistance of Santos Efrain Flores to deliver currency from Virginia to El Salvador. Id. Specifically, Flores was tasked with transporting $34,600 on behalf of Montoya's company, id., a service Flores also performed for other companies. Gov't Opp'n at 4. Before he departed from the United States, Flores declared to United States Immigration and Customs Enforcement agents that he was carrying $21,910. However, an inspection of Flores's bags by the agents revealed that he was actually in possession of $101,431. Id. Accordingly, those funds not declared were confiscated. Id.

On this record, the claimant has satisfied his burden of demonstrating that he has a meritorious defense. While this Court passes no judgment on whether this defense will ultimately prevail, the Court must conclude that the default judgment has to be vacated. First, the claimant has properly asserted an ownership interest in the confiscated currency. The currency was initially entrusted to the claimant by his clients to be transported to El Salvador. In this role, the law might consider the claimant a bailee of the funds, and thus since the bailors have been identified (his customers),[3] the claimant could be considered an innocent owner under 18 U.S.C. § 983(d)(6)(B)(ii) (an innocent owner does not include "a bailee unless the bailor is identified and

---

[3] The government argues that the claimant is a bailor, not a bailee. Gov't Opp'n at 8-9. Specifically, the government suggests that because the claimant entrusted the currency to Flores, Flores is the bailee and the claimant is the bailor. Id. This Court can certainly appreciate the basis for the government's position, but at this stage of the litigation, the Court must only determine whether the claimant has put forth a meritorious defense, not whether that defense will be successful. And while additional facts and evidence may in fact establish that the claimant is a bailor, there is evidence before the Court that he is not. And since this Court must find for the claimant if his asserted defense has "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense," Keegel, 627 F.2d at 374 (citations omitted), it need not make a conclusive determination on the claimant's bailor versus bailee status now. The Court notes, nonetheless, that even if the government's position is correct and the claimant is the bailor, i.e., a person "who delivers personal property to another," Blacks Law Dictionary 137 (7th ed. 1999), he might nonetheless be able to invoke the innocent owner defense if he can establish that he is "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6)(A).

the bailee shows a colorable legitimate interest in the property seized"). Cl.'s Reply at 7 & Ex. A;

see 18 U.S.C. § 983(d)(2)(A). Moreover, the claimant opines that he has a colorable legitimate

interest in the property seized as he will be held personally liable for any lost funds. Cl.'s Reply at

7. Second, the claimant represents that he did not know, and did not approve, Flores's

misrepresentations to the Immigration and Customs agents regarding the amount of currency he

had in his possession. Cl.'s Mem. at 3. Accordingly, the claimant suggests that he was an

innocent owner under 18 U.S.C. § 983(d)(2)(A)(i) because he "did not know of the conduct giving

rise to the forfeiture."[4] Id. In light of the foregoing discussion, this Court must conclude that the

claimant has satisfied his burden of demonstrating that he has a meritorious defense that, if proven

at trial, will result in the return of the confiscated currency. As such, this Court must grant the

claimant's motion to vacate the default judgment. Accordingly, it is hereby this 18th day of

August, 2006,

      **ORDERED** that the defendant's motion to vacate the default judgment is **GRANTED**.

      **SO ORDERED**.

                                   REGGIE B. WALTON
                                   United States District Judge

---

[4]  The government's argument to the contrary is unconvincing. On this point, the government asserts that "[i]t is equally questionable whether [the claimant] could meet the requirements in the innocent owner provision . . . concerning his knowledge of the conduct giving rise to a forfeiture, because [the claimant] has been operating an unlicensed money transmitting business for some years.." Gov't's Opp'n at 9-10. However, the government's argument goes to the ultimate question of whether the innocent owner defense will prevail, and as already discussed, that is not the standard the Court employs when determining whether a default judgment should be vacated. See Whelan, 48 F.3d at 1259.