# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.  05-01364 (RBW)** |
| | ) | |
| **SEVENTY-NINE THOUSAND THREE** | ) | |
| **HUNDRED TWENTY-ONE DOLLARS** | ) | |
| **($79,321.00) IN UNITED STATES** | ) | |
| **CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through the United States Attorney for the District

of Columbia, respectfully pleads as follows:

## BACKGROUND

1.  This is a civil forfeiture action, *in rem*, brought to enforce 31 U.S.C. §§ 5317(c)(2) and

5324(c), which provides for the forfeiture of currency whenever a report is filed under the

provisions of 31 U.S.C. § 5316, regarding the movement, or attempted movement, of that

currency into or out of the United States, which contains a material omission or misstatement of

fact.  This action is also brought to enforce 31 U.S.C. §§ 5332(a), (c), which provides for the

forfeiture of currency that is in an amount greater than ten thousand ($10,000.00) dollars and

which has been transported (or an attempt made to transport) from a place inside of the United

States to a place outside of the United States with the intent to evade the currency transporting

requirements of 31 U.S.C. § 5316.  In addition, this action is brought to enforce 18 U.S.C.

§ 981(a)(1)(A), which provides for the civil forfeiture of any property involved in a transaction or

attempted transaction in violation of 18 U.S.C. § 1960, or any property traceable to such

property.  Title 18, Section 1960 makes it a federal crime to operate an unlicensed or unregistered

money transmitting business.

2.  This Court has jurisdiction over this matter by virtue of  28 U.S.C. §§ 1345

and 1355(a).  Venue is established by virtue of 28 U.S.C. §§ 1355(b) and1395(c).

3.  The defendant property is more fully described as:

> seventy-nine thousand three hundred twenty-one dollars
> ($79,321.00) in United States currency seized from Santos
> Efrain Flores on March 21, 2005, at the Hartsfield International
> Airport in Atlanta, Georgia, while he was en route from
> Washington, D.C., to San Salvador, El Salvador.

4.  The defendant currency is being held in a Government financial account as maintained

by the United States Department of Homeland Security within the geographic and federal judicial

boundaries of the District of Columbia.

## BASES FOR FORFEITURE

5.  On March 21, 2005, Immigration and Customs Enforcement (hereinafter, "ICE")

agents located at the Hartsfield International Airport in Atlanta, Georgia, were conducting a

routine screening of airline passengers who had embarked from domestic locations and were

traveling, through Atlanta, to foreign destinations.

6.  Based upon that screening, the agents identified Santos Efrain Flores (hereinafter,

"Flores") as a person whose patterns of travel were suspicious, in that the timing and frequency

of his previous international movements were consistent with that of a bulk cash smuggler.

7.  On March 21, 2005, Flores was traveling from Washington, D.C., to San Salvador, El

Salvador via Atlanta, Georgia.

8.  When the airplane that Flores was traveling on reached Atlanta, Georgia, the ICE agents interviewed Flores.  During the course of that interview, the ICE agents specifically advised Flores that he was required to declare any currency that he was taking out of the United States that exceeded ten thousand ($10,000.00) dollars in value.

9.  The ICE agents questioned Flores in regard to how much currency, if any, he was carrying out of the United States.  Flores responded that he had twenty-one thousand nine-hundred and ten ($21,910.00) dollars; and he further stated and confirmed that he had prepared and submitted a Report of International Transportation of Currency or Monetary Instruments (hereinafter, "CMIR") for only that amount of currency.

10.  Flores consented to a search of his bags.  As a result of that search, the ICE agents found an additional seventy-nine thousand three-hundred twenty-one ($79,321.00) dollars in United States currency located in Flores' two carry-on bags.  The currency was in small packages each tagged with a receipt from Hernandez Express.   Neither Flores, nor any other person, had submitted a CMIR for this additional currency.

11.  Flores told investigators that he routinely transported money for Hernandez Express to El Salvador.  Hernandez Express is a business operating in Virginia and the District of Columbia.  Records show that in November 2004, $25,513.00 in United States currency was seized from Flores at the Houston International Airport for failing to declare a part of the currency.  At that time, Flores had in his possession cash receipts from Hernandez Express. As of April 2005, Hernandez Express was not licensed as a money transmitting business in Virginia or the District of Columbia.

12.  During the course of his interview, Flores offered conflicting statements regarding

3

the currency in his possession.  He initially and repeatedly stated that he was only transporting

twenty-one thousand nine-hundred and ten ($21,910.00) dollars in currency out of the United

States.  At one point, Flores alleged that the $21,910.00 was his personal funds.  After the ICE

agents found the additional seventy-nine thousand three hundred and twenty-one ($79,321.00)

dollars in Flores' bags, Flores stated that he had been given this latter currency by a confederate

who was also traveling on the same itinerary from Washington, D.C., to El Salvador.  Flores then

stated that he had been given the currency at the Atlanta airport.

      13.   Several individuals filed administrative claims to the defendant currency.

      14.   One of the individuals who filed an administrative claim was Mr. Alberto Montoya.

      15.   Mr. Montoya alleges that he gave Flores $34,600 of the defendant currency to

transport from the United States to El Salvador.

      16.   Mr. Montoya alleges that for approximately ten years, Mr. Montoya has operated a

courier business in Virginia transporting monies and other items from the United States to El

Salvador.

      17.   Mr. Montoya alleges that $34,600 was given to him by his customers for

transportation to El Salvador.

      18.   Neither Mr. Montoya, nor his company, Concord Express, are licensed as money

transmitting businesses in Virginia.

      19.   Neither Mr. Montoya, nor his company, Concord Express, are registered with

FINCEN as money transmitters.

## COUNT I

20.  All statements and averments made in paragraphs 1-19 are re-alleged and incorporated, herein, by reference.

21.  The defendant currency is subject to forfeiture because it was the subject of a CMIR that contained a material omission or misstatement of fact in violation 31 U.S.C. § 5324(c)(2).  It is, therefore, subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

## COUNT II

22.  All statements and averments made in paragraphs 1-19 are re-alleged and incorporated, herein, by reference.

23.  The defendant currency is subject to forfeiture because it is greater than $10,000.00 in value and was concealed in such a fashion as to evade detection while in transit from a place within the United States to a place outside of the United States, all to evade the currency reporting requirements embodied in 31 U.S.C. § 5316.  It is, therefore, subject to forfeiture pursuant to 31 U.S.C. § 5332(c), as property involved in or traceable to a violation of 31 U.S.C. § 5332(a) (Bulk Cash Smuggling Into or Out of the United States).

## COUNT III

24.  All statements and averments made in paragraphs 1-19 are re-alleged and incorporated, herein, by reference.

25.  The defendant currency is subject to forfeiture because it was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960.  It is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays that process of warrant issue for the

arrest of the defendant property as described above; that due notice be given to all parties to

appear and show cause why the forfeiture of such property should not be decreed; that judgment

be entered declaring that the defendant property be forfeited to the United States of America for

disposition according to law; and that the United States of America be granted such other relief

as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W. Room 4818
Washington, D.C.  20530
(202) 514-7250

6

**VERIFICATION**

I, Steve Soggin, Special Agent Officer with the Department of Homeland Security (Immigration and Customs Enforcement), declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture, *in rem,* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this 29th day of August 2006.

                                        _____/s/_____
                                        Steve Soggin
                                        Special Agent
                                        Department of Homeland Security