**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>555 Fourth St., N.W.<br>Washington, D.C. 20530<br><br>        Plaintiff(s),<br><br>    v.<br><br>SEVENTY-NINE THOUSAND THREE<br>HUNDRED TWENTY-ONE DOLLARS<br>($79,321.00) IN UNITED STATES<br>CURRENCY ),<br><br>        Defendant(s) | Case No:    1:05-cv-01364<br>Judge:      Reggie B. Walton<br>Date Filed:  July 8, 2005 |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT
OF THE CLAIMANT'S MOTION TO DISMISS THE GOVERNMENT'S COMPLAINT
FOR FORFEITURE *IN REM***

**I.    INTRODUCTION**

In its Opposition, neither the Government's arguments nor its cited case law confronts or corroborates what it alleges are "baseless" arguments in the Claimant's Motion to Dismiss. Moreover, the Government's statement that the Claimant's Motion is nothing more than a "delay tactic" (Gov't Opp'n at 2) is an unsupported conclusion that is wholly contradicted by the entire record herein.[1] As to the Government's request for this Court to "require" the Claimant to answer its Verified Complaint (id. at 1) the Government fails to recognize that even in civil asset forfeiture cases, the Federal Rules of Civil Procedure remain in effect and are applicable herein

---

[1] In addition, this Court should know that the Claimant has taken out two private loans and one equity loan to repay his customers whose money was seized and is part of the Defendant Currency herein. Because the Claimant is paying 2% interest each month and on each of the three separate loans he has taken, the Government's contention that the Claimant's Motion to Dismiss the Government's (insufficiently pled) Complaint was a "delay tactic" is seriously flawed.

prior to disposition of Claimant's Motion to Dismiss.  (See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 148-49 (3d Cir. 2003)).  The Supplementary Rules do *not* replace the Federal Rules except where they are inconsistent.  Id. at 149.  Here, the Supplementary Rules are inconsistent (with Fed. R. Civ. P. 8(a)) at Rule E(2) and to the extent that they call for a heightened pleading standard.  The Claimant submits that the Government's Complaint fails to meet this standard and thus, should be dismissed as to him.[2]  Thus, this Court may find that Claimant's arguments both in his underlying Motion and as noted infra, are valid.

## II.   THE GOVERNMENT'S OPPOSITION FAILS TO SHOW THAT ITS COMPLAINT MEETS THE HEIGHTENED PLEADING STANDARD OF SUPPLEMENTARY RULE E(2)

In both its Complaint and Opposition, the Government has failed to allege knowledge or intent under any of the statutes[3] it cites as its basis for forfeiture herein.  Instead, the Government refers this Court to three decisions holding that Supplementary Rule E(2) is satisfied when the Government provides a "reasonable basis to believe that the property is subject to forfeiture." Pl's Opp'n at 3. (citing United States v. $49,000 in US Currency, 330 F.3d 371, 376 (5th Cir. 2003); United States v. Mondragon, 313 F.3d 862, 864-865 (4th Cir. 2002); U.S. v. Funds in Amount of Forty Thousand Dollars, 2004 WL 2191576, *4 (N.D.Ill. Sept. 28, 2004))  These cases, however, do *not* support the Government's contention that it need not plead all the elements supporting forfeiture and are all readily distinguishable.

In addition, the Government provides this Court with various reasons to justify its undermining the heightened pleading requirement provided in Supplementary Rule E(2).  All of these arguments, which are discussed individually infra, are flawed and only serve to circumvent the Supplementary Rule's well-established heightened pleading requirement.  Finally, and in

---

[2] The Claimant further submits that the interested monies seized, in which he has a verified interest, should be returned to him.
[3] 18 U.S.C. §§ 5316, 5317, 5324, and 5332.

response to the Governments reliance upon 18 U.S.C. § 1960, this Court should not permit the Government's manipulation of the Federal Rules vis-à-vis their contention that § 1960 eviscerates their obligation under the aforementioned statutes from sufficiently pleading knowledge and intent in its Complaint.

> A. **The Government's Cases, Which Are All Readily Distinguishable, Do *Not* Support Its Contention that Its Complaint Satisfies The Heightened Pleading Requirements of Supplementary Rule E(2)(a).**

In support of its contention that its Complaint satisfies Supplementary Rule E(2) the Government cites $49,000 in U.S. Currency and states that a complaint is sufficient to survive a motion to dismiss merely by showing a "reasonable belief that the property is subject to forfeiture". 330 F.3d at 376. This case, however, is not based upon a determination of the sufficiency of the Government's complaint. Moreover, the Fifth Circuit "observe[s] incidentally that…the district court used the wrong standard in evaluating the sufficiency of the Government's complaint." Id. at 376. Meaning, that "[w]hile the district court concluded correctly that that the Government need not *prove* elements of its case at the pleading stage, the Government *is* compelled by the specificity requirement of Rule E(2)(a) to allege facts which are sufficient to support a reasonable belief that those elements are met." Id. (second emphasis added).

Here, the Government has failed to allege facts showing that the courier from whom the funds were seized even knew that he was carrying that amount of money, and the Government provides no facts whatsoever to show that the courier intended to "evade the reporting requirement" as required by 31 U.S.C. §§ 5324, 5322. Thus, notwithstanding the "reasonable basis" language in $49,000 in U.S. Currency, the Government's Complaint has not been sufficiently pled.

Next, the Government cites Mondragon, as support for its sufficiency contentions.  This case, however, supports the *Claimant's* contention that the conclusory and otherwise lacking allegations in the Government's complaint are insufficient to show that the forfeiture was warranted under the applicable statutes.  In discussing the particularity requirement of Supplementary Rule E(2), the court cites Riverway Co. v. Spivey Marine & Harbor Service Co., 598 F. Supp. 909 (S.D. Ill. 1984) as the leading case on the subject:

> The court in Riverway said that vessel owners 'are entitled to freedom from the threat of seizure of their livelihood upon conclusory allegations and dubious circumstances.'  Rule E(2)(a)'s requirement for 'pleading specific circumstances is one part of the process which guards against the improper use of admiralty seizure proceedings.'  Thus, the rule's 'heightened particularity in pleading requirement []' is 'always subject to the general standard that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit.'  Mondragon, 313 F.3d at 864-65 (quoting Riverway Co., 598 F. Supp. 909, 913 (S.D. Ill. 1984)).

As with $49,000 in U.S. Currency, Mondragon does not support the Government's contention that the heightened pleading requirement of Supplementary Rule E(2) has been met.

Finally, the Government cites United States v.$40,000, as support for its sufficiency contentions.  This case, however, also supports the *Claimant's* contention as it clearly states "the Government must meet the heightened pleading requirements of Supplemental Rule E(2)."  2004 WL 2191576, at*4 (N.D. Ill. 2004).  And, although the court in this case finds that the complaint was pled with the requisite specificity, the claimants therein challenged the sufficiency of the alleged evidence, not the failure of the Government to plead the requisite elements of the forfeiture as is the case here.  Id. at *4.  Because the claimant challenges the failure to plead specific statutory elements supporting forfeiture, this case is distinguishable from the instant scenario and should not carry weight as to validating the sufficiency of the Government's Complaint.

B.  **The Government's Reliance Upon *630 Ardmore Drive* Is Misplaced And Its "Pre-CAFRA" Contention Is Flawed.**

In support of its condescending but flawed accusations, the Government states that it is "not required to disprove any possible defenses to forfeiture" (Gov't Opp'n at 3), and then cites United States v. Ardmore Drive, 178 F. Supp 2d 572 (M.D.N.C. 2001).  The Claimant, however, has *never* asserted that the Government is required to disprove possible defenses.  Rather, the Claimant maintains that the Government has not alleged the elements supporting forfeiture.  This contention is not inconsistent with Ardmore, which simply holds that the facts alleged in the complaint need not be sufficient for the Government to *succeed* at trial.  Finally, Ardmore, does not hold that the Government need not plead the statutory elements that allow for forfeiture.  See id.

As to the Government's claim that case law cited by Claimant (United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141 (3d Cir. 2003)) is inapplicable because it was decided before the enactment of the CAFRA in 2000 (Gov't Opp'n at 3), this brief analysis only shows that CAFRA changed the burden of proof, not the pleading requirement.  See id. at 149; Mondragon, 313 F.3d at 865 ("A useful point survives the pre-CAFRA opinions…that a complaint under Rule E(2) must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture.")  In fact, the cases cited by the Government as being decided "pre-CAFRA" re-affirm the heightened pleading standard under Supplementary Rule E(2).  See $49,000 in U.S. Currency, 330 F.3d at 376;  Mondragon, 313 F.3d at 864-865; Funds in Amount of $40,000, 2004 WL 2191576 at *4.

**C.    The Government's Attempt To Undermine The Heightened Pleading Standard With 18 U.S.C. § 983(A)(1)(D) Should Not Be Entertained By This Court.**

18 U.S.C. § 983(a)(1)(D) states that: "no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." The Government cites Funds in Amount of $40,000 as reaffirming this statute. But, in this same case, immediately after referencing § 983, the court states that "the Government must meet the heightened pleading requirements of Supplemental Rule E(2)." Id. at *4. Since the Claimant herein asserts that the Government failed to allege knowledge and intent, and as noted above, is *not* challenging the adequacy of the facts actually provided in the Complaint, the Government's cited provision is inapplicable and irrelevant to the instant issue. Furthermore, the Government's case fails to indicate that Congress intended for § 983 to undermine the particularity requirement under Rule E(2), or the general pleading requirements of Rule 12(b) for that matter.

**D.    The Government's Attempt To Undermine The Heightened Pleading Standard With Its Contention That It Need Not Plead Knowledge And Intent Is Flawed And Should Not Be Entertained By This Court.**

In support of its contention that its Complaint satisfies Rule E(2), the Government asserts that it need not plead knowledge under § 5316 and cites United States v. $145,139.00 in United States Currency, 18 F.3d 73 (2d Cir. 1994) in support. The Government also cites United States v. Velastegui, 199 F.3d 590 (2d Cir. 1999) to support its contention that conducting a money transmitting business without a state license in any state where a license is required, with nothing more, constitutes a violation of § 1960. Both cases are readily distinguishable from the instant case.

First, this Court should know that $145,139.00 does not permit the Government to avoid pleading knowledge in its Complaint. While it is true that the court in U.S. v. $145,139.00 acknowledges that the government is not required to show knowledge of the reporting requirement under § 5316, it must also be acknowledged that the Government *is* required to show "knowledge that more than $10,000 in monetary instruments was being transported out of the United States." United States v. $74,220 United States Currency, 2003 U.S. Dist. LEXIS 25076 at *8 (W.D.N.Y. 2003). Here the Government clearly has not met its obligation to allege knowledge with specificity as required under Rule E(2) and their own case supports this notion.

Second, the Claimant submits that the Government's analysis on page 10 of its opposition, which includes a reference to Velastegui, improperly interprets § 1960 because it ignores the language of the statute itself, which applies to: "[w]hoever *knowingly* conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business…" 18 U.S.C. § 1960(a) (emphasis added). Despite this language, the Government attempts to argue that § 1960 does not require the Government to allege knowledge or intent in violating the statute. But in Velastegui, the second circuit interpreted the definition of an "illegal money transmitting business under § 1960 as one "*intentionally* operated without an appropriate money transmitting license." 199 F.3d at 593. Because the Government provides no case law which relieves it of the obligation to plead Mr. Santos' knowledge of whether he was properly licensed, or the courier company's intentional operation of an unlicensed money transmitting business *and* because there is no reason to believe, under the facts alleged in its Complaint, that Hernandez Express is even a money transmitting business, the Government's contention that it need not plead knowledge and intent is flawed and should not be entertained by this court.[4]

---

[4] Although the Government tries to argue that the failure to report is equivalent to an admission. (Gov't Opp'n at 9) ("…he admitted he knew he was smuggling currency because he did not comply with the reporting

Finally, the Government confuses the Claimant with the Defendant. (Pl.'s Opp'n at 11) Whether or not the Claimant violated § 1960 is irrelevant to whether the forfeiture was proper, since the Government contends in its complaint that it was the actions of Mr. Flores that supplied the basis for forfeiture. Therefore, the failure of the Government to allege intent and knowledge, consistent with the requirements of the statutes upon which it bases forfeiture, was with respect to Mr. Flores and not the Claimant. Thus, the Government's Complaint is insufficient to show whether Mr. Flores knew that the courier company operated its business without a license, and whether he knew that he was carrying the amount of currency alleged. Since this is a matter not discussed in prior pleadings, Claimant's arguments regarding the insufficiency of the Government's *recently amended* Complaint (filed after the aforementioned pleadings) cannot fairly be called "disingenuous."

### III. THE GOVERNMENT FAILED TO COUNTER CLAIMANT'S ARGUMENT THAT § 1960(b)(1)(A) VIOLATES THE EQUAL PROTECTION CLAUSE

All the cases cited by the Government in response to Claimant's argument that § 1960(b)(1)(A) violates the Equal Protection Clause of the Fifth Amendment rely on United States v. Sharpnack, 355 U.S. 286 (1958). The Claimant contends that this reliance is misplaced. By citing only to cases which rely on Sharpnack, and failing to make any argument as to why Sharpnack is properly relied on by these courts, the Government has failed to respond to Claimant's argument. Further, the Government misstated the Fourth Circuit holding in Talebnejad since in actuality, the Fourth Circuit never ruled on whether § 1960(b)(1)(A) violated

---

requirement.") this circular logic requires the Court to draw an improper inference. *Query – how does the fact that a courier who was carrying courier bags amount to an allegation of knowledge of their contents?* The conclusory nature of this allegation is even more apparent when compared with other cases where the seized funds were conspicuously hidden to avoid detection, such as in an electronic spring-locked compartment (Mondragon, 313 F.3d 862 (4th Cir. 2002)) or in boxes of flour (United States v. $74,220 United States Currency, 2003 U.S. Dist. LEXIS 25076, *8 (S.D.N.Y. 2003)) Such conclusory allegations do not support an inference that the carrier was aware of the money or its exact quantity, and they do not suffice as an allegation of knowledge. This backdoor attempt by the Government to fill in the gap in its Complaint is insufficient to comply with the requirements of Rule E(2).

Equal Protection because that issue was not brought up on appeal. 460 F.3d 563, 568 n. 3 (4th Cir. 2006).

First, the Claimant submits that this Court may find the district court decisions referenced by the Government to be in error for their reliance on Sharpnack because the statute in question in Sharpnack simply applied state law where no federal law applied. See United States v. Sharpnack, 355 U.S. 286, 287 (1958) (The court found that under the Assimilative Crimes Act, "acts *not punishable by any enactment of Congress* are punishable by the then effective laws of the State in which the enclave is situated.") (emphasis added). Conversely, § 1960(b)(1)(A) applies to an act – operating a money licensing business without appropriate licensing – which is punishable under both state and federal laws. Thus, the Constitutionality of non-uniformity between the states, which the Sharpnack Court addresses, is not truly at issue here. What *is* at issue is whether Congress can piggyback federal liability onto a violation of a state statute when Congress already punishes the same offense under federal statutes. The Claimant submits Congress cannot impose double federal liability on certain citizens in this manner without a rational basis for such unequal treatment. The Government has failed to respond to this argument and therefore the Claimant renews his request that this Court find that § 1960(b)(1)(A), as applied herein, violates the Equal Protection Clause of the 5th Amendment.

Second, the Government's reference to the Fourth Circuit's decision in Talebnejad improperly leads this Court to believe that the Claimant's equal protection analysis has previously been raised and rejected by the Fourth Circuit. Although the Fourth Circuit reversed the District Court's ruling, it never ruled on the appellants' Equal Protection arguments because that portion of the District Court decision was not appealed. Furthermore, the District Court decision in Talebnejad also relied on Sharpack. As noted in the underlying motion, Sharpnack is

not an appropriate reference and should not be looked to for guidance in cases that involve concurrent jurisdiction – such as the instant case. To do so, the Claimant submits, violates the Equal Protection clause of the Fifth Amendment.[5]

## CONCLUSION

WHEREFORE, the Claimant submits this reply memorandum in further support of its motion to dismiss the Government's Forfeiture Complaint for want of complying with Supplementary Rule E(2) and its heightened pleading requirement.

Respectfully Submitted on this 30th day of October, 2006,

**MARTIN McMAHON & ASSOCIATES**

BY      /s/
Martin F. McMahon, Esq.
D.C. Bar No.: #196642
1150 Connecticut Ave. N.W., Suite 900
Washington, DC 20036
(202) 862-4343
(202) 828-4130

*Attorney for Claimant Alberto Montoya*

---

[5] In its opposition, the Government interprets the Claimant's request for this Court to reconsider the decision of its sister court in United States v. Barre, 324 F. Supp. 2d 1173 (D. Colo. 2004) as a term of art and questions whether this Court has the authority to do so. To clarify his request, the Claimant was merely suggesting that this Court decide the instant Equal Protection issue differently than its sister court did on rehearing in Barre. Furthermore, and in response to the Government's failure to understand why the Claimant cited Barre in the first place, the court's initial reasoning in United States v. Barre, 313 F. Supp. 2d 1086 (D. Colo. 2004) provides that when Sharpnack is not applicable to a case, such as the Claimant contends it is not herein, then there are clear grounds for finding that § 1960(b)(1)(A) violates the Equal Protection Clause. Again, the Claimant submits that the district court decision in Barre, 313 F. Supp. 2d 1086, was initially correct when it found that § 1960(b)(1)(A) violates the Equal Protection Clause of the 5th Amendment, and when the district court later reversed itself due to Sharpnack, the reasoning and rationale was improper due to the above-noted "concurrent jurisdiction" issue.

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 30th day of October, 2006, a copy of the foregoing was sent via electronic mailing to Judith Kidwell, Esq., U.S. Attorney's Office, Asset Forfeiture Unit, Criminal Division, 555 Fourth St., N.W., Room 4822, Washington, DC 20530.

_____/s/_____
Martin F. McMahon, Esq.