UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1364 (RBW) |
| SEVENTY-NINE THOUSAND THREE HUNDRED TWENTY-ONE DOLLARS ($79,321.00) IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On July 6, 2005, the plaintiff, the United States of America ("government"), filed the civil forfeiture in rem complaint in this matter against $79,321 in United States currency that was seized from luggage allegedly belonging to Santos Efrain Flores ("Flores"). Thereafter, on August 30, 2006, the government filed an Amended Complaint for Forfeiture In Rem ("Compl.") against the same property. In its amended complaint, the government alleges that the defendant currency is subject to forfeiture pursuant to: (1) 31 U.S.C. § 5317(c)(2) (2000) because it was the subject of a Report of International Transportation of Currency or Monetary Instruments ("CMIR") that contained a material omission or misstatement of fact in violation of 31 U.S.C. § 5324(c)(2) (2000), Compl. ¶ 21; (2) "31 U.S.C. §5332(c) (2000), as property involved in or traceable to a violation of 31 U.S.C. § 5332(a),"Compl. ¶ 23; and (3) 18 U.S.C. §981(a)(1)(A)

1

(2000) because it was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 (2000), Compl. ¶ 25. On September 8, 2006, Alberto Montoya ("claimant") filed a Verified Statement of Right or Interest alleging that he is the rightful owner of $34,600 of the defendant currency. Verified Statement of Right or Interest. Currently before the Court is the claimant's motion to dismiss the government's complaint for in rem forfeiture pursuant to Federal Rule of Civil Procedure 12(b)(6); Federal Rule of Civil Procedure Supplemental Rule E(2) For Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule E(2)(a)") and Federal Rule of Civil Procedure Supplemental Rule C(2) For Admiralty and Maritime Claims and Asset Forfeiture Actions. Claimant's Motion to Dismiss Government's Verified Complaint for Forfeiture In Rem ("Claimant Mot.").[1] Specifically, the claimant alleges that the government's Amended Complaint must be dismissed: (1) for failure to properly allege the basis for forfeiture under 31 U.S.C. §§ 5316, 5317, 5324, 5332 and 18 U.S.C. §§ 981 because the government has not alleged the requisite knowledge and intent to violate such provisions; (2) for failure to properly allege knowledge of the facts underlying a violation of 18 U.S.C. § 1960; (3) on the grounds that the government's reliance on a violation of 18 U.S.C. § 1960(b)(1)(A) as a basis for forfeiture is invalid because such section violates the Equal Protection Clause of the Fifth Amendment and traditional principles of federalism; and (4) because forfeiture in this action is inherently unfair and would amount to a violation of the Excessive Fines Clause of the

---

[1] The following papers have also been submitted in connection with this motion: (1) Memorandum of Points and Authorities in Support of Claimant's Motion to Dismiss Government's Complaint for Forfeiture In Rem ("Claimant's Mem."); (2) Government's Opposition to Motion to Dismiss ("Gov't Mem."); (3) Reply Memorandum of Points and Authorities in Further Support of the Claimant's Motion to Dismiss the Government's Complaint for Forfeiture In Rem ("Claimant's Reply").

2

Eighth Amendment. Claimant Mot. at 2. For the reasons set forth below, the Court must deny the claimant's motion to dismiss.

## I. Factual Background

On March 21, 2005, Immigration and Customs Enforcement ("ICE") agents at Hartsfield International Airport in Atlanta, Georgia identified Flores during a routine screening of airline passengers as a person whose travel patterns were suspicious and consistent with that of a "bulk cash smuggler." Compl. ¶¶ 5, 6. On that date, Flores was traveling from Washington, D.C. to San Salvador, El Salvador via Atlanta, Georgia. Id. ¶ 7. When the airplane Flores was traveling on reached Atlanta, Georgia, the ICE agents interviewed Flores and "specifically advised [him] that he was required to declare any currency that he was taking out of the country that exceeded ten thousand ($10,000.00) dollars in value." Id. ¶ 8. Flores allegedly responded that he had $21,910 and confirmed that he had prepared and submitted a CMIR for only that amount of currency. Id. ¶ 9.

After Flores allegedly consented to a search of his bags, the ICE agents found an additional $79,321 in United States currency in what was purportedly his carry on bags. Id. ¶ 10. The currency was in "small packages each tagged with a receipt from Hernandez Express," an unlicensed money transmitting business that was not authorized to do business in either Virginia or the District of Columbia during April 2005. Id. ¶¶ 10-11. Neither Flores nor any other individual submitted a CMIR for the additional $79,321. Id. ¶ 10.

Flores allegedly told the ICE Agents that he routinely transported money for Hernandez Express to El Salvador. Id. ¶ 11. According to the government's records, $25,513 in United States currency was seized from Flores at the Houston International Airport in November of 2004

for failing to declare a part of the currency, and at that time, Flores had in his possession cash receipts from Hernandez Express. Id. During his interview on March 21, 2005, Flores allegedly offered conflicting statements regarding the currency he had in his possession. Id. ¶ 12. First, he purportedly stated that he was only transporting out of the United States $21,910.00 and then he later claimed this money was his "personal funds." Id. However, after the ICE agents discovered the additional $79,321.00, Flores allegedly at one point indicated that he had been given the currency "by a confederate who was also traveling on the same itinerary from Washington, D.C. to El Salvador," but later allegedly stated that he had been given the currency at the Atlanta airport. Id.

On July 8, 2005, the United States brought this in rem civil forfeiture action against the $79,321 found in Mr. Flores' possession that had not been declared. Verified Complaint for Forfeiture In Rem. After receiving no verified claims or the filing of any answers, the government requested a default that was thereafter entered by the Clerk of Court on November 22, 2005. Affidavit in Support of Default. Subsequently, on December 20, 2005, the government filed a motion for a default judgment and a Decree of Forfeiture was entered by this Court on December 21, 2005. Motion for Default Judgment as to In Rem Defendant and Decree of Forfeiture by United States of America; Decree of Forfeiture. On January 12, 2006, the claimant claimed an interest in $34,600 of the defendant currency and having failed to lodge any claim with this Court previously, requested that the Court vacate the default judgment and the forfeiture decree. Motion to Vacate Judgment by Default. The court denied without prejudice the claimant's motion to vacate the default judgment at that time, May 22, 2006 Order denying Motion to Vacate, but later granted the claimant's renewed Rule 60(b) motion to vacate the

default judgment. August 18, 2006 Order Granting Motion to Set Aside Judgment. Then, on August 30, 2006, the government filed its amended complaint against the $79,321.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges "the legal sufficiency of a complaint." Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S.___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S.___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 973 (D.C. Cir. 1979); see also Erickson, 127 S. Ct. at 2200 (citing Bell Atl. Corp., 127 S. Ct. at 1965). The plaintiff must be afforded every

5

favorable inference that may be drawn from the allegations of fact set forth in the complaint. Scheuer, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir.2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted); see also Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan, 478 U.S. at 286). In deciding a Rule 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice." Gustave-Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

### III.  Legal Analysis

**A.  Does the Government's Complaint Meet the Heightened Pleading Standard of Federal Rule of Civil Procedure Supplemental E(2)(a)?**

The claimant contends that the government's complaint should be dismissed because it fails to allege the requisite intent required by 31 U.S.C. §§ 5316, 5317, 5324, and 5332 necessary to satisfy the heightened pleading standard requirement by Supplemental Rule E(2)(a). Claimant Mem. at 2. Specifically, the claimant asserts that the government's complaint fails to: (1) state that "either the claimant or Mr. Flores knowingly and/or intentionally violated the statutes on which forfeiture was based," id., (2) allege specific facts sufficient to support an inference that the defendant currency is subject to forfeiture under the asserted statutes because the complaint does not allege facts to support an inference of the requisite intent to evade 31 U.S.C. §§ 5316,

6

5317, 5324, and 5332,[2] id., and (3) allege the requisite knowledge element of 18 U.S.C. § 1960.[3]

---

[2] 31 U.S.C. § 5317(c)(2) (2000) provides that "[a]ny property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code."

31 U.S.C. § 5324(c)(2) (2000) provides that "[n]o person shall, for the purpose of evading the reporting requirements of section 5316[,] . . . file or cause or attempt to cause a person to file a report required under section 5316 that contains a material omission or misstatement of fact[.]"

31 U.S.C. §5332(c) (2000) provides that:

> (1) In general. Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.
>
> (2) Procedure. The seizure and forfeiture shall be governed by the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.
>
> (3) Treatment of certain property as involved in the offense. For purposes of this subsection and subsection (b), any currency or other monetary instrument that is concealed or intended to be concealed in violation of subsection (a) or a conspiracy to commit such violation, any article, container, or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument, and any other property used, or intended to be used, to facilitate the offense, shall be considered property involved in the offense.

31 U.S.C. §5332(a) (2000) provides that:

> (1) In general. Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment pursuant to subsection (b).
>
> (2) Concealment on person. For purposes of this section, the concealment of currency on the person of any individual includes concealment in any article of clothing worn by the individual or in any luggage, backpack, or other container worn or carried by such individual.

[3] 18 U.S.C. §981(a)(1)(A) (2000) provides that "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

18 U.S.C. § 1960 (2000) provides that:

(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

(b) As used in this section--

(1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and–

(continued...)

In opposition, the government responds that the claimant's arguments regarding the requirements of a forfeiture complaint are misguided because he relies on case law "decided before the enactment of the Civil Asset Forfeiture Reform Act (CAFRA) of 2000, Pub. L. No. 106-185, 114 Stat. 202 (2000) [18 U.S.C. § 983 et seq. (2000)], which took effect August 23, 2000, and which substantially revised civil forfeiture law in the United States." Gov't Mem. at 3. Notwithstanding the claimant's alleged misunderstanding of the requirements of a forfeiture complaint, the government further asserts that it has satisfied the requirements of a forfeiture complaint because its complaint "sets forth the legal grounds supporting forfeiture and provides, in detail, the circumstances surrounding the seizure of the defendant currency, including the date, location, name of the courier, and admissions made by Mr. Flores to Government officials." Id. at 4. Therefore, the government contends that its complaint advises the claimant of the government's allegations and demonstrates that the government has a legitimate legal basis for forfeiting the defendant currency. Id. For the reasons set for below, the Court finds that the government's complaint satisfies the heightened pleading standard requirement of Supplemental Rule E(2)(a).

Supplemental Rule E(2)(a) requires the complaint to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a

---

[3](...continued)

(A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable[.]

responsive pleading." Fed. R. Civ. P. Supp. E(2)(a)[4]. To satisfy this Rule, the government must "allege facts sufficient to support a reasonable belief that the property is subject to forfeiture." United States v. Mondragon, 313 F.3d 862, 865-66 (4th Cir. 2002) (finding that Rule E(2)(a) requires the Government to "allege sufficient facts to support a reasonable belief that the property is subject to forfeiture."); see also United States v. $49,000 Currency, 330 F.3d 371, 376 n.8 (5th Cir. 2003) (adopting general standard that under Rule E(2)(a), the Government must allege facts supporting a reasonable belief that it will be able to bear its burden at trial); United States v. Funds in the Amount of $40,000, 2004 WL 2191576, *2 (N.D. Ill. 2004) (noting that "[m]ost courts have agreed that the particularity requirement of Rule E(2)(a) is satisfied by providing [] specific information about the date and location of the seizure, the amount of money seized, and the claimant's actions on the date of the seizure.") (internal quotations and citations omitted).

The CAFRA, pursuant to 18 U.S.C. §983(c)(1), establishes the government's burden in civil forfeiture proceedings. Section 983(c)(1) provides that, "the burden of proof is on the [g]overnment to establish, by a preponderance of the evidence, that the property is subject to forfeiture [.]" Further, 18 U.S.C. §983(a)(3)(D) states that, "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Although Courts have found that the enactment of the CAFRA raised the government's trial burden of proof from demonstrating probable cause for forfeiture to proving by a preponderance of the evidence that the property is

---

[4] In civil forfeiture proceedings, both the Supplemental Rules, devised for admiralty and in rem proceedings, and the Federal Rules of Civil Procedure govern. United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 149 (3d Cir. 2003). Because the Supplemental Rules "are not comprehensive codes regulating every details of practice," they "overlay the Civil Rules." Id. (internal quotations and citations omitted). As such, "[t]he Civil Rules . . . apply to in rem proceedings, but only to the extent that they are not inconsistent with the Supplemental Rules." Id. (internal quotation omitted).

subject to forfeiture, some Circuits maintain the general standard that a complaint under Rule E(2)(a) must allege facts sufficient to support a reasonable belief that the property is subject to forfeiture has not changed. See, e.g., United States. v. Real Property Located at 5208 Los Franciscos Way, Los Angeles, Cal., 385 F.3d 1187,1193 (9th Cir. 2004) ("CAFRA 'transferred the burden of proof from the claimant to the government and required the government to establish forfeiture by a preponderance of the evidence rather than by the lower probable cause standard.'"(citations omitted)); United States. v. Mondragon, 313 F.3d at 865-66; see also United States v. $49,000 Currency, 330 F.3d at 376 n.8.  Consistent with the adoption by some Circuits that the general standard requirements of a complaint under Supplemental Rule E(2)(a) did not increase after the enactment of the CAFRA, the district court for the Middle District of North Carolina has found that  "[w]hile 18 U.S.C. §983(c) of CAFRA raises the burden of proof for the Government in a civil forfeiture proceeding, there appears to be a relaxation of the proof that the Government is required to demonstrate in response to a 12(b)(6) motion made at an earlier stage of a forfeiture proceeding." United States v. 630 Ardmore Drive, City of Durham, Parkwood Tp., Durham County, N.C., 178 F. Supp. 2d 572, 580 (M.D.N.C. 2001).  In 630 Admore Drive, the government brought a civil forfeiture action against ten parcels of real estate, alleging that they had been purchased with proceeds from illegal drug  trafficking or were being used in the facilitation of a drug-related crime. Id. at 574-75, 579.  Two claimants asserting that they owned, as tenants-in-common, one of the defendant properties (630 Admore Drive), filed motions to dismiss alleging, inter alia, that the government's complaint failed to state a claim upon which relief could be granted because it did not demonstrate that the property was purchased with proceeds from illegal drug trafficking activity. Id. at 574-75.  The district court found that since

10

18 U.S.C. §983(a)(3)(D) of the CAFRA provides that "no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property," it appears that the "Government's forfeiture claim can advance forward in face of a 12(b)(6) motion to dismiss even if the Government's complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding." Id. at 580-81.  Therefore, the 630 Ardmore Drive Court held that it could not find that "the Government presented no set of facts that could support its claim for forfeiture based upon its allegation of a connection between the Ardmore property and [its facilitation of drug-related crime or as proceeds from such activity]." Id. at 583.

Similarly in United States v. All Funds On Deposit in Dime Savs. Bank of Williamsburg Account No. 58-400738 in the Name of Ishar Abdi and Barbara Abdi ("All Funds"), the United States District Court for the Eastern District of New York held that:

> there is no requirement that all of the facts and evidence at the government's disposal be pled in the complaint; the government must simply plead enough specific facts for the claimant to understand the government's theory, file a responsive pleading that contains more than a general denial, and undertake [his] own investigation.

255 F. Supp. 2d 56, 69 (E.D.N.Y. 2003).  In All Funds, Dr. Ishar Abdi pleaded guilty to healthcare fraud, in violation of 18 U.S.C. § 1347. Id. at 58-59.  As part of his plea agreement, Dr. Abdi "agreed to forfeit $1.49 million, including his interest in all of the defendant properties." Id. at 59.  The property included: (a) the funds on deposit in a Dime Savings Bank account, (b) a Schwab account, (c) proceeds from a sale of the primary home of Dr Abdi and his wife Barbara Abdi, (d) two cooperative apartments, (e) and a condominium. Id.  Mrs. Abdi filed a verified claim asserting that she had ownership interest in all of the defendant properties, and that she did not have knowledge of her husband's criminal conduct. Id. at 60.  Mrs. Abdi filed a

motion for judgment on the pleadings and asserted, as to one of the properties, that "the forfeiture complaint fail[ed] to allege with particularity that any transfer of criminally derived property from the Dime Savings Bank Account was for more than $10,000." Id. at 66. After determining that the issue before the court was "whether the proposed Amended Complaint describe[d] sufficiently 'the circumstances from which the claim[] ar[o]se[]' so as to enable [the] claimant, 'without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading[]'" pursuant to Supplemental Rule E(2)(a), the District Court further explained that "to satisfy this rule, the government need only 'assert specific facts supporting an inference that the property is in fact subject to forfeiture . . . .'" Id. at 68 (alterations in the original). The Court found that the government alleged sufficient facts to meet the particularity requirement of Supplemental Rule E(2)(a) because it offered specific information about the transactions at issue such that the claimant was "adequately apprised of the factual circumstances underlying the forfeiture action." Id. at 70 (citations omitted).

 Here, the Court finds also that the government has satisfied the pleading requirements of Supplemental Rule E(2)(a) for several reasons. First, the government's complaint sets forth the legal grounds supporting forfeiture and provides, in detail, the circumstances surrounding the seizure of the defendant currency, including the date, location, name of the courier, and admissions he allegedly made about the funds to government officials. Compl. ¶¶ 5-7. Second, the government's complaint satisfies the requirements of Supplemental Rule E(2)(a) because it alleges specific facts which support an inference of the requisite intent to evade or violate 31 U.S.C. §§ 5316, 5317, 5324, and 5332 and the requisite knowledge element of 18 U.S.C. § 1960. Specifically, after being interviewed and advised by the ICE agents that he was required to

declare any currency that he was taking out of the country in excess of $10,000 in value, the government alleges in its complaint that Mr. Flores acknowledged that he had $21,910 and confirmed that he had prepared and submitted a CMIR. Id. ¶ 9. Nevertheless, Mr. Flores purportedly offered conflicting statements regarding the currency in his possession by first stating that he was only transporting $21,910 out of the United States and later alleging that the funds were his personal property. Id. ¶ 12. However, after allegedly consenting to a search of his luggage, the ICE agents found an additional $79,321 in United States currency in his carry on bags. Id. ¶ 10. Although the currency was in small packages, each tagged with a receipt from Hernandez Express, a money transmitting business that was not licensed in either Virginia or the District of Columbia as of April 2005, id. ¶¶ 10-11, the government's complaint states that neither Mr. Flores nor any other individual submitted a CMIR for these additional funds. Id. ¶ 10. The fact that Mr. Flores prepared a CMIR for part of the currency allegedly found in his possession, demonstrates that he knew that completion of the form was required for currency he possessed in excess of $10,000, and yet he apparently elected not to submit a CMIR for the additional funds in his possession. Further, Mr. Flores allegedly acknowledged that he routinely transported money for Hernandez Express to El Salvador. Id. ¶11. In addition, the government's complaint indicates that Mr. Flores offered conflicting statements regarding the additional $79,321 after its discovery by the ICE agents by asserting that he had been given the currency "by a confederate who was also traveling on the same itinerary from Washington, D.C. to El Salvador," and then later allegedly stating that he had been given the currency at the Atlanta airport. Id. ¶ 12.

Based on this record, the Court finds that the government's complaint satisfies the requirements of Supplemental Rule E(2)(a) by asserting facts sufficient to support a reasonable belief that the defendant currency is subject to forfeiture pursuant to: (1) 31 U.S.C. §§ 5317(c)(2) because it should have been reported on a CMIR that allegedly contained a material omission or misstatement of fact for the alleged purpose of evading the reporting requirements of 31 U.S.C. §5316, in violation of 31 U.S.C. § 5324(c)(2), Compl. ¶ 21; (2) "31 U.S.C. §5332(c), as property involved in or traceable to an alleged violation of 31 U.S.C. § 5332(a)", Compl. ¶ 23; and (3) 18 U.S.C. § 981(a)(1)(A), because it was allegedly involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960, Compl. ¶ 25.  Therefore, the government has offered specific information about the seizure at issue sufficient to apprise the claimant of the factual circumstances underlying this forfeiture action.[5]

---

[5] The claimant contends that even if this Court finds that the government has met its burden of satisfying the requirements of Supplemental Rule E(2)(a), dismissal of the government's complaint is nonetheless required because its reliance on a violation of 18 U.S.C. § 1960(b)(1)(A) as a basis for the forfeiture is invalid because this provision violates the Equal Protection Clause of the Fifth Amendment. Claimant Mem. at 2, 5. Further, the claimant alleges that the complaint should be dismissed because forfeiture in this situation is inherently unfair and would amount to a violation of the Excessive Fines Clause of the Eighth Amendment. Claimant Mem. at 2, 9. The Court declines to address these arguments at this stage in the litigation. The only question before the Court at this preliminary stage is whether the proposed Amended Complaint describes sufficiently the circumstances that form the basis for the claims so as to enable the Claimant, "without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading, pursuant to Supplemental Rule E(2)(a). Fed. R. Civ. P. Supp. E(2)(a). Hence, the Court need not pass on arguments addressing the merits of the government's claims or its ultimate burden of proof at this time.  See United States v. Talebnejad, 342 F. Supp. 2d 346, 361 (D. Md. 2004) (stating that an Excessive Fines argument is premature until the Court is confronted with concrete facts as opposed to allegations); United States v. Lamanna, 114 F. Supp. 2d 193, 199 n.6 (W.D.N.Y. 2000) (stating, that it would be premature to address an Excessive Fines argument, as the Court had not determined the amount of damages for which the defendant may be liable); United States v. A Parcel of Realty Commonly Known as Rural Route 1, 1994 WL 194172, *2 (N.D. Ill. 1994) (stating "[g]iven that the nature of an excessive fines inquiry is fact intensive and that Claimants bear the burden of establishing this defense to the forfeiture, . . . motions to dismiss are exceedingly poor vehicles to challenge a forfeiture complaint."); United States v. $633,021.67 in United States Currency, 842 F. Supp. 528, 535 (N.D. Ga. 1993) (finding it premature to address the allegedly excessive nature of a forfeiture action on a motion to dismiss prior to a determination of the size of the actual forfeiture).

For the reasons set forth above, the Claimant's motion to dismiss the government's in rem complaint for forfeiture of the defendant property must be **Denied.**[6]

**SO ORDERED**.

/s/_____
Reggie B. Walton
United States District Judge

---

[6] An Order consistent with this Memorandum Opinion has been issued.