**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> 555 Fourth St., N.W. <br> Washington, D.C. 20530 <br><br> Plaintiff(s), <br><br> v. <br><br> SEVENTY-NINE THOUSAND THREE <br> HUNDRED TWENTY-ONE DOLLARS <br> ($79,321.00) IN UNITED STATES <br> CURRENCY ), <br><br> Defendant(s) | Case No:   1:05-cv-01364 <br> Judge:     Reggie B. Walton <br> Date Filed: July 8, 2005 |

**ANSWER TO THE GOVERNMENT'S COMPLAINT FOR FORFEITURE *IN REM***

Claimant Alberto Montoya (Claimant), through undersigned counsel hereby responds to the allegations contained in the Government's complaint for forfeiture *in Rem* as follows:

**BACKGROUND:**

1. The Claimant neither admits nor denies the contents of paragraph 1, as they are statements of law to which no responsive pleading is required.

2. The Claimant admits the allegations noted in paragraph 2.

3. The Claimant neither admits nor denies the contents of paragraph 3.

4. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

**BASES FOR FORFEITURE:**

5. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. The Claimant admits the allegation contained in paragraph 7.

8. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. The Claimant admits that he filed an administrative claim pursuant to the procedure explained to him by Paula L. Primm from the Fines, Penalties & Forfeitures Office located in Atlanta, GA.

15. The Claimant admits to the contents of paragraph 15.

16. The Claimant admits to the contents of paragraph 16.

17. The Claimant admits to the contents of paragraph 17.

18. The Claimant admits in part and denies in part the contents of paragraph 18.

19. The Claimant denies the contents of paragraph 19.

## COUNT I

20. The Claimant responds as stated previously.

21. The Claimant denies that the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) as the subject of a CMIR that contained a material omission or misstatement of fact in violation 31 U.S.C. § 5324(c)(2).

## COUNT II

22. The Claimant responds as stated previously.

23. The Claimant denies that the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5332(c), as property involved in or traceable to a violation of 31 U.S.C.§ 5332(a) (Bulk Cash Smuggling Into or Out of the United States). The Claimant denies that the defendant currency was concealed in such a fashion as to evade detection while in transit from a place within the United States to a place outside of the United States, and the Claimant denies that the defendant currency was concealed to evade the currency reporting requirements embodied in 31 U.S.C. § 5316.

## COUNT III

24. The Claimant responds as stated previously.

25. The Claimant denies that the defendant currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it was not involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960.

## **AFFIRMATIVE DEFENSES:**

Claimant hereby asserts the following affirmative defenses:

1. The portion of the defendant currency in which the claimant alleges an interest is not subject to forfeiture because the Claimant qualifies as an Innocent Owner under 18 U.S.C. § 983(d) since he had an ownership interest in the defendant currency and did not know of the conduct giving rise to forfeiture.

2. The defendant currency is not subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as an attempted transaction in violation of 18 U.S.C. § 1960 because 18 U.S.C. § 1960 is unconstitutional under the Equal Protection Clause of the Fifth Amendment.

3. Forfeiture of the defendant currency by the Claimant in this case violates the Excessive Fines Clause of the Eighth Amendment.

## **JURY DEMAND**

The Claimant hereby requests a jury trial.

Respectfully Submitted,

**MARTIN McMAHON & ASSOCIATES**

BY _____/s/_____
Martin F. McMahon, #196642
Lisa D. Angelo, #491206
1150 Connecticut Ave. N.W., Suite 900
Washington, DC 20036
(202) 862-4343
(202) 828-4130 (fax)
*Attorneys for Claimant Montoya*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 10th day of December, 2007, a copy of the foregoing Answer was sent via electronic mail to Judith Kidwell, Esq., U.S. Attorney's Office, Asset Forfeiture Unit, Criminal Division, 555 Fourth St., N.W., Room 4822, Washington, DC 20530.

                                                      /s/
                                        Lisa Angelo, Esq.