UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>   Plaintiff, )<br> )<br>  v. )<br> )<br>$79,321.00 IN U.S. CURRENCY, )<br> )<br>   Defendant. )<br>_____)<br> )<br>ALBERTO MONTOYA, )<br> )<br>   Claimant. )<br>_____) | Civ. No. 05-01364 (RBW) |

**MOTION FOR PARTIAL ENTRY OF DEFAULT
JUDGMENT AND JUDGMENT OF FORFEITURE**

  The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves pursuant to Fed. R. Civ. P. 55, 18 U.S.C. § 983(a)(4)(A), and Rule G(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for entry of Partial Default Judgment and for Judgment of Forfeiture as to $44,721.00 of the $79,321.00 defendant currency identified in the Amended Verified Complaint for Forfeiture *In Rem*, on the ground that no timely paper, pleading, or other claim was filed on behalf of $44,721.00 of the defendant currency herein.

  A proposed Judgment of Forfeiture is submitted herewith, along with a Memorandum of Points and Authorities.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

\_\_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

\_\_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth St., N.W., Rm. 4822
Washington, D.C.  20530
202-514-7912
Diane.Lucas@usdoj.gov


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of August, 2008, I caused a copy of the foregoing Motion for Partial Entry of Default Judgment and Partial Judgment of Forfeiture, accompanying Memorandum, and Proposed Order of Forfeiture to be served via the Court's electronic filing system to Martin F. McMahon, Esq. and Lisa D. Angelo, Esq., 1150 Connecticut Avenue, N.W., Washington, D.C. 20036 (counsel for claimant Alberto Montoya).


DIANE G. LUCAS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                            )<br>        Plaintiff,                              )<br>                                                            )<br>        v.                                          )<br>                                                            )<br>$79,321.00 IN U.S. CURRENCY,  )<br>                                                            )<br>        Defendant.                           )<br>_____)<br>                                                            )<br>ALBERTO MONTOYA,              )<br>                                                            )<br>        Claimant.                             )<br>_____) | Civ. No. 05-01364 (RBW) |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL ENTRY
OF DEFAULT JUDGMENT AND PARTIAL JUDGMENT OF FORFEITURE**

On July 8, 2005, plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant $79,321.00 in United States currency ("defendant currency").  See Document No. 1.[1] Copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant currency on July 25, 2005.  See Document No. 2.  Additionally, copies of the Complaint and Warrant of Arrest *In Rem* were sent to all known interested parties, via the United States Postal Service, certified mail, as follows to: Mario Umana on August 6, 2005; Alberto E. Montoya on August 11, 2005; Santos Efrain Flores on August 17, 2005; and Mr. Flores' attorney, Felix Nelson Ayala on August 18, 2005.[2]  See Document No. 3 and Document No. 5, Exhibits II(a)-II(d).

---

[1] "Document No." refers to the docket number assigned to the electronically-filed documents in the instant matter.

[2] All copies of the Complaint and Warrant of Arrest *In Rem* were picked up from the U.S. Postal Service.  See Document No. 5, Exhibits II(a)-II(d).

In full compliance with applicable Local Rules and Rules of Procedure, notice of seizure also was published in THE ATLANTA JOURNAL-CONSTITUTION, on August 18, and 25, September 1, 2005, and in THE WASHINGTON TIMES for three consecutive weeks, on September 26, October 3, and October 10, 2005. See Document No. 5, Exhibits III(a)-III(c). On November 21, 2005, after no party filed a claim, plaintiff filed an affidavit for default and moved for entry for default. See Document No. 3. On November 22, 2005, the Clerk of the Court entered a default. See Document No. 4. On December 20, 2005, plaintiff filed a Motion for Default Judgment. See Document No. 6. On December 21, 2005, the Court entered a default judgment. See Document No. 7.

On January 12, 2006, Alberto Montoya ("Mr. Montoya") filed a Motion to Vacate Default Judgment in order to intervene in the action. In his motion, Mr. Montoya asserted an interest in $34,600.00 of the defendant currency. See Document No. 7. On January 23, 2006, plaintiff filed its Opposition to the Motion to Vacate Default Judgment. See Document No. 9. On January 27, 2006, Mr. Montoya filed a reply to the government's Opposition. See Document No. 10. On April 27, 2006, Mr. Montoya filed a Motion to Expedite. See Document No. 11. On May 22, 2006, the Court denied the Motion to Vacate without prejudice. See Document No. 13. The Court specifically found that pursuant to Fed. R. Civ. P. 60(b) Mr. Montoya demonstrated "mistake" or "excusable neglect" for failing to timely intervene in this case. The Court also found, however, that "neither party has provided this Court with a substantive discussion of the final question – whether the claimant has a meritorious defense to the forfeiture action." Id. at p. 2 and 3.

On June 6, 2006, Mr. Montoya filed a Renewed Rule 60(b) Motion to Vacate Judgment

by Default.  See Document No. 14.  On June 14, 2006, plaintiff filed its Opposition to the renewed motion.  See Document No. 15.  On June 21, 2006, Mr. Montoya filed a reply memorandum.  See Document No. 16.  On August 18, 2006, the Court set aside the default judgment.  See Document No. 17.

On August 30, 2006, plaintiff filed an Amended Verified Complaint for Forfeiture *in Rem.*  See Document No. 18.  Copies of the Amended Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant currency on September 19, 2006.  See Document No. 20.  Additionally, copies of the Amended Complaint and Warrant of Arrest *In Rem* were sent to all known interested parties on September 7, 2006 via the United States Postal Service, certified mail, to Mario Umana (at two locations), to Alberto E. Montoya and his attorneys (Martin McMahon and Lisa D. Angelo) and to Santos Efrain Flores and Mr. Flores' attorney (Felix Nelson).[3]  See attached Exhibit A.  On September 8, 2006, Mr. Montoya filed a claim for $34,600.00 of the defendant property.  See Document No. 19.  Mr. Montoya asserted that,"[the [c]laimant, as owner and operator of a courier service, was entrusted with monies which were seized on May 21, 2005 in the amount of $34,600."  Id. at ¶ 1.

On September 28, 2006, Mr. Montoya filed a Motion to Dismiss the Amended Complaint.  In his motion, Mr. Montoya asserted that plaintiff failed to meet the heightened pleading standard, and that application of 18 U.S.C. § 1960 to civil forfeiture matters violated due process.  See Document No. 21.  On October 16, 2006, plaintiff filed its Opposition to the Motion to Dismiss.  See Document No. 25.  On October 30, 2006, Mr. Montoya filed a reply to

---

[3] All copies of the Amended Complaint were delivered, except for Mr. Flores's copy, which was returned as "unclaimed."  But, Mr. Flores' attorney was served.  See Exhibit A.

the government's Opposition.  See Document No. 27.  On September 28, 2007, the Court denied Mr. Montoya's Motion to Dismiss.  See Document No. 30.  In its memorandum opinion denying the Motion to Dismiss, the Court found that the Amended Complaint satisfied any heightened pleading standard that might apply.  See Document No. 31.  Thereafter, on December 10, 2007, Mr. Montoya filed an Answer to the Amended Complaint.  See Document No. 33.

At a status hearing on August 19, 2008, Mr. Montoya's counsel confirmed that Mr. Montoya's claim was limited to $34,600.00 of the defendant currency.

No response, answer, or defense was interposed by Mr. Montoya, or by any other person regarding the remaining $44,721.00 in U.S. currency.  No other party has filed a claim or pleading challenging the forfeiture of $44,721.00 of the defendant currency and the time for filing a claim has expired.  See 18 U.S.C. § 983(a)(4)(A); Rule G(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The entry of Partial Default Judgment and Judgment of Forfeiture against $44,721.00 of the defendant currency is amply supported in the circumstances of this case.  Indeed, the Clerk of the Court "shall enter" the Default where there has been a failure to timely plead or otherwise defend an action within the time fixed by law and here, as indicated above, no one has intervened regarding the $44,721.00. Fed. R. Civ. P. Rule 55(a).  Moreover, the Civil Asset Forfeiture Reform Act of 2000 mandates the filing of a claim within 30 days of the service of the government's complaint.  See 18 U.S.C. § 983(a)(4)(A).

Further, whenever a judgement is sought for other than a sum certain (i.e. Judgment of Forfeiture), application for Judgment by Default shall be made to the Court and such Judgment may be entered by the Court so long as the defaulted party is not an infant or otherwise

incompetent.  Fed. R.Civ. P. 55(b); DirectTV, Inc. v. Arnold, 392 F. Supp.2d 415 (N.D.N.Y. 2005).  See also Canady , MD v. Erbe Elektromedizin GMBG, 307 F. Supp.2d 2 (D.D.C. 2004); United States v. Gant, 268 F. Supp.2d 29 (D.D.C. 2003).

    WHEREFORE, upon consideration of the record in this case, including a showing of compliance with applicable rules regarding service of process and notice by publication, it is respectfully requested that this motion be granted.  A proposed Order is attached.

    Respectfully submitted,

    \_\_/s/_____
    JEFFREY A. TAYLOR, D.C. Bar #498610
    United States Attorney

    \_\_/s/_____
    WILLIAM R. COWDEN, D.C. Bar #426301
    Assistant United States Attorney

    \_\_/s/_____
    DIANE G. LUCAS, D.C. Bar #443610
    Assistant United States Attorney
    555 Fourth St., N.W., Rm. 4822
    Washington, D.C.  20530
    202-514-7912
    Diane.Lucas@usdoj.gov