# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **Civ. No. 05-01364 (RBW)** |
| ) | |
| **$79,321.00 IN U.S. CURRENCY,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————) | |
| ) | |
| **ALBERTO MONTOYA,** ) | |
| ) | |
| **Claimant.** ) | |
| ———————————————) | |

## JOINT STATUS REPORT

To comply with this Court's order of August 19, 2008, counsel for plaintiff and counsel

for claimant respectfully submit the following:

1.  This is a civil forfeiture action brought *in rem* against the defendant currency,

$79,321.00 in U.S. currency.  Plaintiff, the United States of America, seeks an order declaring

that the defendant currency is forfeited to the United States government.  Plaintiff has brought

this action under (a) 31 U.S.C. § 5317(c)(2), which permits forfeiture to the government of

property which is the subject of a Report of International Transportation of Currency or Monetary

Instruments ("CMIR") that contained a material omission or misstatement of fact, in violation of

31 U.S.C. § 5324(c)(2); (b) 31 U.S.C. § 5332(c), which permits forfeiture to the government of

property of the value of $10,000 or more which was concealed in such a fashion as to evade

detection while in transit from a place within the United States to a place outside of the United

Sates, all to evade the currency reporting requirements embodied in 31 U.S.C. § 5316, in

violation of 31 U.S.C. § 5332(a); and (c) 18 U.S.C. § 981(a)(1)(A), which permits forfeiture to the government of property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960.

2.  On December 10, 2007, through counsel, claimant Alberto Montoya filed an Answer to the Amended Complaint, asserting that (a) $34,600.00 the defendant currency is not subject to forfeiture because he is the owner of that property and qualifies as an "innocent owner" under 18 U.S.C. § 983(d); (b) 18 U.S.C. § 1960 is unconstitutional under the Equal Protection Clause of the Fifth Amendment as applied to forfeiture actions; and (c) forfeiture of the defendant currency violates the Excessive Fines Clause of the Eighth Amendment.  Claimant makes no claim related to $44,721.00 of the defendant currency.

3.  Plaintiff and claimant are the only parties before the Court in this matter, and plaintiff does not expect any other party to join this case.  On August 21, 2008, plaintiff filed a Motion for Partial Entry of Default Judgment and Partial Judgment of Forfeiture regarding $44,721.00 of the defendant currency.  Claimant did not file a response to that motion because he did not intervene regarding $44,721.00 of the defendant currency.

III.    **Procedural Status**: On August 19, 2008, this Court ordered the parties to file this Joint Report pursuant to Local Rule 16.3 by September 12, 2008, and set an initial scheduling conference before it on September 29, 2008, at 9:15 a.m.  Plaintiff anticipates filing a dispositive motion before the end of discovery.

IV.    The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Plaintiff anticipates filing a dispositive motion prior to the conclusion of discovery. If plaintiff files a dispositive motion before or during discovery, the Plaintiff will request a stay of discovery until a decision is reached on the motion. In claimant's counsel's view, it is unlikely that the case can be disposed of by motion. If a dispositive motion is filed post-discovery, the parties agree to the schedule proposed in ¶ 6.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties or amending the pleadings. If there is a need to join other parties or amend the pleadings, the parties will do so within 60 days of this report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Plaintiff does not consent to assignment of the case to a Magistrate Judge.**

(4) Whether there is a realistic possibility of settling the case.

**The parties believe there is some possibility of settlement and are currently in settlement negotiations.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**In light of the response to item 4, no ADR procedure is necessary at this time.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff anticipates filing a motion for summary judgment.**

**Claimant does not believe that the case can be disposed of by motion.**

**The parties agree, however, that if any post-discovery dispositive motion is filed, it should be filed within 45 days after the close of discovery; that the opposing party should have 20 days thereafter in which to file an Opposition; and that the moving party should have 10 days to file a Reply.**

-3-

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and whether any changes should be made in the scope, form or timing of these disclosures.

**The parties submit that with the recent (December 2006) amendments to the Federal Rules, initial disclosures under Fed. R. Civ. P. 26(a)(1) are inapplicable to civil forfeiture cases. Moreover, such cases are governed by Rule G of the Federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which Rule also took effect on December 1, 2006. Regardless, the parties agree to stipulate to dispense with such initial disclosures.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties agree that discovery shall be completed by January 30, 2009, followed by the motion schedule proposed in ¶ 6, unless a dispositive motion is filed prior to or during discovery. At this time, the parties do not believe any other limits need to be placed on discovery or that there is any need for a protective order.**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions should occur.

**The parties believe that the requirement of exchange of expert witness reports and information should be pursuant to Fed. R. Civ. P. 26(a)(2).**

(10) Class Actions

**The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

**The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions, or, if no dispositive motions are filed, after the close of discovery.**

(13) Setting Trial date at first scheduling conference or at pretrial conference..

**The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

**The parties do not believe that there is any other matter not addressed above that should be included in a proposed Scheduling Order, which is attached.**

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar #498610


 /s/
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar #426301


 /s/
DIANE G. LUCAS
Assistant United States Attorney
D.C. Bar #443610
555 4th Street N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov
(Counsel for Plaintiff United States)


 /s/
MARTIN F. McMAHON
D.C. Bar # 196642
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
(Counsel for Claimant Alberto Montoya)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused this JOINT STATEMENT OF RESULTS OF RULE 16.3 CONFERENCE, with the consent of counsel for the claimant, to be transmitted through this Court's ECF system for filing with the Court, on this 12th day of September, 2008.


_/s/_____
Diane G. Lucas
Assistant U.S. Attorney